APPLETON CHAIR CORPORATION, Appellant, vs. UNITED BROTHERHOOD OF CARPENTERS & JOINERS, MILLMEN'S LOCAL No. 1748, and another, Respondents.

*November 7—December 2, 1941.*

338

*Heber H. Pelkey* of Appleton, for the appellant.

For the respondent Millmen's Local No. 1748 the cause was submitted on the briefs of *Walter Melchoir,* attorney, and *A. J. Cohen* of counsel, both of Appleton.

For the respondent Wisconsin Employment Relations Board there were briefs by the *Attorney General, James Ward Rector,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

FAIRCHILD, J.  The cases were briefed and argued together in the court below as well as before this court and the findings and orders in both matters before the board will be considered together.   The labor board found that the union members picketed without a majority vote by secret ballot to strike, but that they were not guilty of any unfair labor practices and dismissed the complaint against them.   The employer, however, was found to be guilty of interfering with the formation of a union by threatening the loss of employment and in refusing to reinstate striking employees and in refusing to bargain in good faith with the representatives of a majority of its employees.   An order was entered to cease and desist such activity and to take certain affirmative action.   That order has not been complied with.

Appellant assigns as error the findings by the labor board as well as the failure to find the employer-employee status had been terminated by the unfair practice of the union.   Appellant charges the court erred in not setting aside those orders of the board and in adjudging the company and its president guilty of contempt of court for violation of the judgment commanding specific action on the part of the company.

Respondent contends that there was competent and credible evidence to sustain the board's findings and that they were properly affirmed.   Respondent also claims that the employee status is not automatically terminated by participation in a strike without first holding a secret ballot and that the court had jurisdiction to adjudge appellant and its president guilty of contempt of court.

Had the financial difficulties of the employer been thoroughly understood by the complaining employees or had the

patience of the management not been so quickly exhausted, the dispute in all probability would not have required the intervention of the Wisconsin employment relations board. But each side, yielding to its basic prejudices, took positions opposed to the other. The employer adhered firmly to its position and as found by the board it refused to bargain in good faith. Under such circumstances an adjustment could not be accomplished without an investigation and a determination by the board as to who was failing to enter in good faith into an effort calculated to unravel a labor dispute. The board reached a conclusion and the evidence fairly sustains the findings. The court cannot exercise the powers conferred on the board as an administrative agency and substitute its opinion for the judgment of the board.

In dealing with this matter of labor disputes the legislature has recognized a public interest in the relation between employer and employee. It grows out of the employment and the operation of the industry of the employer. The enactments in relation thereto do not destroy nor are they calculated to invade contract rights, but they do seek to protect the public against unfair labor practices and to foster the continuance of that relation in which the public is interested. *Wisconsin Labor R. Board v. Fred Rueping L. Co.* 228 Wis. 473, 279 N. W. 673. It has been definitely declared that the relation shall not be dissolved because of differing ideas as to the right of collective bargaining or union membership. It is an established and justified rule which gives the authority to the labor board to determine, in a labor dispute over wages or working conditions, whether the act of an employee or employees is a complete and irrevocable termination of the employee status. Bitterness engendered at such time might lead either side to act in utter disregard of the public interest which the legislation has declared shall be protected. As pointed out in the case of *Allen-Bradley Local 1111 v. Wisconsin E. R. Board,* 237 Wis. 164, 183, 295 N. W. 791, the

legislature deals with a labor dispute, not primarily as a method of enforcing private rights, but to enforce the public right as well. In that case it was considered, "in view of the large discretionary power committed to the board, that the act affects the rights of parties to a controversy pending before the board only in the manner and to the extent prescribed by the order" of the board. Appellant urges a review of the ruling in that case. But there is a direct relation between continuity of the relation of employer and employee and the public interest. It is the order of the board which determines the status and relative rights of the parties. The findings merely furnish the factual situation to which the board in the exercise of its discretion applies the law. The existence of a certain fact does not of itself require the board to reach a certain result. Such an interpretation would deprive the board of the power to do anything but find the facts. Sec. 111.07 (4), Stats., says that "final orders may" do the things stated. It does not say the board shall do them. It clearly vests in the board a power which it may exercise according to its discretion. In furtherance of public policy where there are unfair labor practices on the part of both employer and employee the board by reason of its disinterested position is authorized to order the remedy most consistent with the public interest. We are of the opinion that the correct rule was announced in the *Allen-Bradley Case, supra.*

The appeal from the so-called supplementary judgment does not bring the contempt matter before us. The finding of guilty of contempt is not a final sentence of the law pronounced by the court. It is not an appealable order nor is it a final judgment. We find no occasion, therefore, for the exercise at this time of any authority over the so-called contempt proceedings.

*By the Court.*—Appeal from the ruling dated July 1, 1941, is dismissed. The judgments are affirmed.

FOWLER, J. (*dissenting in part*). I agree that the court correctly determined that the findings of fact made by the labor relations board are sustained by the evidence but am of opinion that the board exceeded its jurisdiction in ordering the reinstatement of the striking employees upon the complaint of the union and erred in dismissing the complaint of the employer.

These two cases were heard together and decided upon the same evidence by the board and by the court. The findings of fact in the case of the employer should in this situation be considered and given effect in the case of the labor union.

The board found in the case of the employer that the employees "co-operated in engaging in, promoting and inducing picketing without a majority of a collective bargaining unit having voted by secret ballot to hold a strike." This under sec. 111.06 (2) (e), Stats., was an "unfair labor practice." The board having found the employees guilty of an unfair labor practice should not have dismissed the employer's complaint, but should have issued an order directing the strikers to cease and desist from continuing that practice until a strike had been voted by secret ballot of all employees.

This finding having been made in the employer's case it should have been carried on into the case of the labor union and there given such effect as the act gives it.

Sec. 111.02 (3), Stats., defines the term "employee" when used in ch. 111, Stats. To be considered as an employee under the chapter, par. (b) provides that one must not "have been found to have committed or to have been a party to any unfair labor practice" under the act. This plainly implies that by committing an unfair labor practice, as did the strikers, the strikers forfeited their status as employees.

By sec. 111.07 (4), Stats., the board's power respecting reinstatement "with or without pay" is limited to reinstatement of employees. As the strikers by their illegal picketing

lost their standing as employees, the portion of the board's order reinstating them was erroneous and should have been stricken from the order by the circuit court.

I am therefore of opinion that the judgment affirming the dismissal of the complaint of the employer should be reversed with directions to enter an order requiring the strikers to cease and desist from the unfair labor practice found; and the judgment in the case on the union's complaint should be modified by striking therefrom the provision for reinstatement and affirming the judgment as modified.