WISCONSIN EMPLOYMENT RELATIONS BOARD, Appellant, vs. J. P. CULLEN & SON, a copartnership, Respondent.

*May 27—July 1, 1948.*

For the appellant there was a brief by the *Attorney General, Stewart G. Honeck*, deputy attorney general, and *Beatrice Lampert*, assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondent there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *George S. Geffs* and *Jacob Geffs.*

PER CURIAM.* Respondent as a construction contractor entered into a contract to dismantle quonset huts at Baton Rouge, Louisiana, and convert them into living accommodations at two different sites at Marinette, Wisconsin, which work was to be completed between the months of August, 1946, and February, 1947. Clarence Allard was employed as a common laborer and later as a cement worker from August 26, 1946, to October 19, 1946, at which time his services were terminated. He applied to the Wisconsin Employment Relations Board, which will hereafter be referred to as the "board," claiming the termination of his services was an unfair labor practice and the board found he was discharged because he refused to continue his membership in the union which constituted an unfair labor practice under the Wisconsin statutes. The board entered a cease-and-desist order and directed notices to be posted by respondent and the employee to be reimbursed for the loss of wages. Respondent failed to comply with the order of the board and the board petitioned the circuit court for Rock county for an enforcement order under sec.

---

* The opinion in this case was prepared by the late Mr. Justice BARLOW.

111.07 (7), Stats. Respondent filed an answer and a supplemental answer asking that the matter be returned to the board for the purpose of permitting it to adduce additional evidence on the merits of the controversy. Before this question had been determined respondent moved for summary judgment on the ground the board was without jurisdiction because the jurisdiction to govern the labor relations between respondent and its employees was in the United States government by virtue of the contract under which the work was being done, setting forth the contract in full in the affidavit supporting the motion for summary judgment. The trial court granted summary judgment setting aside the order of the board on the ground it was without jurisdiction. The board appeals.

A petition for an enforcement order is a review proceeding where the entire record of the proceedings before the board is filed with the court and notice is given to the party against whom the order is issued, which gives the court jurisdiction of the subject matter. When the action is brought on for hearing the court is confined to the record made before the board and it "may confirm, modify, or set aside the order of the board and enter an appropriate decree." Sec. 111.07 (7), Stats. The contract was not introduced in evidence on the hearing before the board and cannot become evidence in the action before the court by its being made a part of an affidavit to support the motion for summary judgment. The court is without power to go beyond the record made before the board. This court said in *Century Building Co. v. Wisconsin E. R. Board* (1940), 235 Wis. 376, 381, 291 N. W. 305:

"The statute does not contemplate that any evidence be produced before the court, the court's power being limited to granting leave to present new facts to the board."

Respondent argues the motion for summary judgment was proper because this is a special proceeding under sec. 260.02, Stats.; and sec. 270.635 (1), Stats., provides that, "summary

judgment may be entered as provided in this section in any civil action or special proceeding." The summary-judgment general statute does not have the force and effect to change the procedure provided by the legislature for review of orders of the board. Ch. 111, Stats., provides a comprehensive plan for the determination of rights of employers and employees who are parties to a labor dispute. It was not the purpose or intention of the summary-judgment statute to enlarge upon or change the procedure for determining employment-relation differences. By statute the review is upon the record. Summary judgment does not apply.

It is argued the contract was before the circuit court and is in the record returned to this court. The fact that it is a part of the record does not make it evidence which the trial court or this court can consider when it has never been properly offered or received in evidence. Unless the proof in the record made before the board is sufficient to sustain the trial court in setting aside the order for lack of jurisdiction it cannot be supplemented, while being reviewed in circuit court, with additional evidence and proof necessary to sustain the position of the party offering such proof. Without the contract being in evidence there is no proof in the record to sustain respondent's contention of lack of jurisdiction of the board. Respondent could have introduced the contract in evidence at the hearing before the board or it could have applied to the circuit court to have the case remanded for the purpose of introducing the contract in evidence upon reasonable cause shown, all of which it failed to do. Respondent now seeks to complete the record in circuit court. This it cannot do. We are aware of the hardship which this result occasions, and it is cases like this that cause courts to be inclined to make bad law. All parties in interest are entitled to have their differences heard and decided according to law. Thus appellant properly questions the right of the trial court to grant summary judgment. It is

considered the summary judgment was improperly granted by the trial court.

By granting summary judgment for respondent the trial court did not pass on the question of a request that the matter be returned to the board to permit respondent to adduce further evidence. This is a question which may still be passed upon by the trial court.

Judgment reversed, and the cause remanded for further proceedings according to law.

MARTIN, J., took no part.