WISCONSIN EMPLOYMENT RELATIONS BOARD, Respondent, vs. GATEWAY GLASS COMPANY, Appellant.

*October 7—November 3, 1953.*

116

For the appellant the cause was submitted on the briefs of *Lees & Bunge* of La Crosse.

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

GEHL, J.   The question is : Does the contract require payment of wages as therein specified to employees hired before and in the employment of the company at its effective date? The company contends that the term "hiring rate" can refer only to the rate to be paid employees entering the service after the date of the contract.  The board and the trial court concluded that it does not, and that it applies to all employees.

The term is ambiguous.  It is undisputed that the contract was prepared by the company.  There is applicable the familiar rule that doubtful language in a contract is to be interpreted most strongly against the person who drew it. *Hoffmann v. Danielson,* 251 Wis. 34, 27 N. W. (2d) 759.

The meaning of the term "hiring rate" as it is used in the contract is open to more than one interpretation.  It is therefore proper for us to consider the reasonableness of one meaning as compared with that of the other, the probability that persons situated as the parties were would be expected to contract in one way as against the other.  It is not likely that the union when bargaining for increased wages would be concerned only with those persons who might enter the company's employment after the date of the contract.  It would be unreasonable to assume that the union had no interest in the people then employed, the only people it then represented in its negotiations with the company.  Nor does it seem likely that the company would consider that the union was not interested in those at the time employed and represented by it.

"Under recognized rules of interpretation of contracts, where one construction would make a contract unusual and extraordinary while another equally consistent with the language used would make it reasonable, just, and fair, the latter must prevail." *Bank of Cashton v. La Crosse C. S. T. M. I. Co.* 216 Wis. 513, 518, 257 N. W. 451.

We construe the term as being applicable to employees in service at the time of the making of the agreement as well as to those to be employed thereafter.

*By the Court.*—Judgment affirmed.