Wisconsin Employment Relations Board, Respondent, vs. United Automobile, Aircraft & Agricultural Implement Workers of America and others, Appellants. [Two cases.] *

*April 4—May 3, 1955.*

\* Motions for rehearing denied, without costs, on June 28, 1955.

For the appellants there was a brief by *Max Raskin* of Milwaukee, *David Rabinovitz* of Sheboygan, and *William F. Quick* of Milwaukee, attorneys, and *Harold A. Cranefield* of Detroit, Michigan, of counsel, and oral argument by *Mr. Raskin* and *Mr. Rabinovitz*.

For the respondent Wisconsin Employment Relations Board there was a brief by the *Attorney General* and *Stewart G. Honeck*, deputy attorney general, and *Beatrice Lampert*, assistant attorney general, and oral argument by *Mrs. Lampert*.

For the respondent Kohler Company there was a brief by *Lyman C. Conger, Edward J. Hammer,* and *Gerard A. Desmond,* attorneys, and *Lucius P. Chase* of counsel, all of Kohler, and oral argument by *Mr. Conger.*

BROWN, J.   The conduct which the Wisconsin Employment Relations Board found to be a violation of sec. 111.06, Stats., as unfair labor practices, is virtually the same conduct as that which it had found to be a similar violation in *Allen-Bradley Local 1111 v. Wisconsin E. R. Board* (1941), 237 Wis. 164, 295 N. W. 791. The present order and injunction

are essentially the same as those issued by the board and the court in the *Allen-Bradley Case*. The principal attack on it then, like the attack on the present order, was made on the ground that federal labor legislation has pre-empted the field and the National Labor Relations Board has exclusive jurisdiction over this controversy, which grows out of and affects labor relations. The enforcement order issued by the circuit court in the *Allen-Bradley Case* in all substantial particulars is the same as the one issued by the circuit court in the case at bar. We sustained the circuit court and the board on such jurisdictional questions and on their exercise of the jurisdiction and we were affirmed by the supreme court of the United States in *Allen-Bradley Local 1111 v. Wisconsin E. R. Board* (1942), 315 U. S. 740, 62 Sup. Ct. 820, 86 L. Ed. 1154.

As the facts of the present matter so closely parallel the *Allen-Bradley* facts there would be little cause to do more than affirm the judgment of the circuit court on the authority of *Allen-Bradley* except for a distinction to which appellants call attention, namely, that the Federal Labor Act has been amended since, in *Allen-Bradley,* the United States supreme court held that it did not deprive the state of jurisdiction under such circumstances. Appellants' argument is that the United States court was then construing the National Labor Relations Act (the Wagner Act), which concerned itself only with unfair labor practices on the part of employers and thus left employees' practices to be controlled by the states; but that act was amended in 1947 by the National Labor Management Relations Act (the Taft-Hartley Act), which does define and discipline unfair labor practices by employees. Therefore, appellants assert, even though *Allen-Bradley* may have been right in its day, the present legislation, by bringing employees' labor practices within its scope, ousts state control and confers exclusive jurisdiction over them in the National Labor Relations Board.

The authoritative interpretation of federal statutes rests in the federal courts and their highest court does not agree with appellants' contention that the Taft-Hartley Act has taken from the states jurisdiction over such manifestations of labor relations as mass picketing, intimidation, and obstruction of streets. In cases arising under Taft-Hartley the United States supreme court continues to cite *Allen-Bradley* to illustrate the circumstances in which the state authority may still operate. Thus, in *International Union v. Wisconsin E. R. Board* (1949), 336 U. S. 245, 69 Sup. Ct. 516, 93 L. Ed. 651, which was first before this court in 1947 and is reported in 250 Wis. 550, 27 N. W. (2d) 875, 28 N. W. (2d) 254 (the *Briggs & Stratton Case*), the state court enjoined recurrent and unannounced work stoppages designed to put pressure on the employer. The injunction was issued while the Wagner Act was in effect but the restraint continued after that act was superseded by Taft-Hartley. The supreme court of the United States therefore declared that it considered the state action in relation to both federal acts. And it said (p. 253) :

"However, as to coercive tactics in labor controversies, we have said of the National Labor Relations Act what is equally true of the Labor Management Relations Act of 1947, that 'congress designedly left open an area for state control' and that the 'intention of congress to exclude states from exercising their police power must be clearly manifested.' [Citing *Allen-Bradley*.] We therefore turn to its legislation for evidence that congress has clearly manifested an exclusion of the state power sought to be exercised in this case."

So turning, the court found no such evidence and it said (pp. 253, 254) :

"While the federal board is empowered to forbid a strike, when and because its purpose is one that the federal act made illegal, it has been given no power to forbid one because its

method is illegal—even if the illegality were to consist of actual or threatened violence to persons or destruction of property. Policing of such conduct is left wholly to the states. . . .

"It seems clear to us that this case falls within the rule announced in *Allen-Bradley*. . . ."

More recently the court has declared the same principle, crediting it to the same source. Thus in *Garner v. Teamsters Union* (1953), 346 U. S. 485, 74 Sup. Ct. 161, 98 L. Ed. 228, the employer sought to enjoin peaceful picketing by state action. The United States supreme court, distinguishing the situation from that in *Allen-Bradley*, said (p. 488) :

"This is not an instance of injurious conduct which the National Labor Relations Board is without express power to prevent and which therefore either is 'governable by the state or it is entirely ungoverned.' In such cases we have declined to find an implied exclusion of state powers. *International Union, U. A. W. v. Wisconsin Employment Relations Board,* 336 U. S. 245, 254, 93 L. Ed. 651, 663, 69 S. Ct. 516. *Nor is this a case of mass picketing, threatening of employees, obstructing streets and highways, or picketing homes. We have held that the state still may exercise 'its historic powers over such traditionally local matters as public safety and order and the use of streets and highways.'* Allen-Bradley Local, U. E. R. M. W. v. Wisconsin Employment Relations Board,* 315 U. S. 740, 749, 86 L. Ed. 1154, 1164, 62 S. Ct. 820." (Our italics.)

Still more recently, in *United Construction Workers v. Laburnum Corp.* (1954), 347 U. S. 656, 74 Sup. Ct. 833, 98 L. Ed. 1025, the court repeated the language just quoted from the *Garner Case,* again giving credit to *Allen-Bradley.*

And most recently, on March 28, 1955, in *Weber v. Anheuser-Busch, Inc.,* 348 U. S. 468, 75 Sup. Ct. 480, 99 L. Ed. 546, in setting aside a state court's injunction against picketing and commenting on the nature of the picketing and the law applicable to it, the court said (75 Sup. Ct. 488) :

' "We do not read this as an unambiguous determination that the IAM's conduct amounted to the kind of mass picketing and overt threats of violence which under the *Allen-Bradley Local Case* gives the state court jurisdiction."

In the case before us the picketing and other union measures are of the precise kind that they were in the *Allen-Bradley strike*. It was held there that the state's jurisdiction to enjoin them was not impaired by the National Labor Relations Act. *Allen-Bradley Local 1111 v. Wisconsin E. R. Board, supra.* Neither age nor new legislation have withered the authority of that decision when the facts to which it applied are present, as shown by the foregoing citations. Those facts are repeated now and the action of the state prohibiting them follows that taken in the *Allen-Bradley* matter and approved upon review by the supreme court of the United States. We conclude that there has been no ouster of the jurisdiction of the state agencies over the conduct prohibited by the injunction.

The appellants suggest that even though the state's police power may extend to the restraint of the union actions in question here, the state may not exercise that power through the medium of Wisconsin Employment Relations Board dealing with them as unfair labor practices as defined by sec. 111.06 (2) (a) and (f), Stats. As we understand the argument, it is that control of unfair labor practices in interstate commerce has been pre-empted by congress and even though the state may deal with the activities in some other way, as crimes or what-not, it may not call them unfair practices, or attempt to deal with them as such, without surrendering jurisdiction over them to the National Labor Relations Board. There is no hint of this in the *Allen-Bradley* opinion or in the *Briggs & Stratton* opinion, *supra,* where, with the approval of the supreme court of the United States, the state exercised what the federal court recognized as the state's police power through the medium of the state's Em-

ployment Relations Board. One must recognize, also, that the National Labor Relations Board is the creature of a statute and congress alone confers jurisdiction, whether concurrent or exclusive, on it. If, as the United States court has held, as already noted, congress did not give the National Board exclusive jurisdiction over the union activities involved here, that board does not acquire such jurisdiction over them by reason of state action nor, particularly, because a state statute defines as state unfair labor practices conduct which is illegal also on other grounds. We consider Wisconsin is at liberty to use its own legislative discretion in its method of policing such labor relations as these which do not fall within the exclusive jurisdiction conferred by congress on the National Labor Relations Board.

Next, appellants submit that even if the Wisconsin Employment Relations Board could take jurisdiction of this controversy, make the findings and conclusions which it made, and issue the order commanding the appellants to cease and desist, the circuit court had no jurisdiction to entertain the board's petition for an enforcement order unless, first, some proceeding was had which established that the board's order had been disobeyed. The record does not show any such proceeding here. The board simply went to the circuit court with a petition alleging the appellants' disobedience. But we find no statutory requirement of a jurisdictional prerequisite such as appellants assert.

Sec. 111.07, Stats., so far as material to the contention, provides:

"(7) If any person fails or neglects to obey an order of the board while the same is in effect the board may petition the circuit court of the county wherein such person residesor usually transacts business for the enforcement of such order and for appropriate temporary relief or restraining order, and shall certify and file in the court its record in the proceedings, including all documents and papers on file in the matter, the pleadings and testimony upon which such

order was entered, and the findings and order of the board. Upon such filing the board shall cause notice thereof to be served upon such person by mailing a copy to his last known post-office address, and thereupon the court shall have jurisdiction of the proceedings and of the question determined therein. . . ."

The statute does not expressly require the board to hold a hearing to determine if its order has been violated, nor is the hearing required by implication. A mere administrative decision that the order is not obeyed is sufficient. If the board is satisfied that a violation has taken place it may petition the court for enforcement and shall file its record with the court and give notice, upon which the statute gives the court jurisdiction. These requirements were complied with. We consider that thereby jurisdiction of these proceedings was in the circuit court.

Finally, appellants contend that the evidence does not support the board's findings. We have read the record. Numerous witnesses, whom it was the right of the board to believe, testified to the acts of mass picketing, blocking the entrances of the plant, interference with the use of public streets, picketing of homes, and intimidation of employees who proposed to work. Exhibits in the way of union publications confirm much of such testimony. Credible and competent evidence in abundance is recorded to support each of the findings of fact. Sec. 111.07 (7), Stats., declares, then, that such findings shall be conclusive in the circuit court proceeding.

Appellants' brief asserts that the Kohler Company has in its plant a supply of clubs, guns, and tear gas, and they submit that it is unjust for the state agencies to restrain the actions of appellants while doing nothing about that. If the condition mentioned by appellants is true, still it has nothing to do with the questions which their brief states are those to be determined by the appeal, namely, (1) the jurisdiction of the Wisconsin Employment Relations Board and the circuit

court, and (2) whether the record supports the judgment. If the appellants considered, or do now consider, the presence of these munitions wrongful, as an unfair labor practice, they could, and still can petition the board for its abatement, exactly as the Kohler Company petitioned for relief from what it deemed to be unfair labor practices on the part of appellants. In the absence of such a petition, the question of a Kohler arsenal was not before the board or the court. In any event, a board order on that subject would not affect the one actually made concerning *appellants'* activities. We do not presume to say now that the company may or may not have these articles in its plant but we observe that if wrongs on each side are the subject of petitions by the parties aggrieved both wrongs should be restrained. The absence of a petition concerning one of them does not require that restraint of the one which was protested in the manner and form provided by statute be refused.

In summary, the evidence presented to the Employment Relations Board supports the board's findings, conclusion, and order; the board had jurisdiction to entertain the proceeding before it; and the circuit court had jurisdiction to entertain and to grant the petition of the board for an enforcement order. No abuse of jurisdiction appears. Therefore the judgments of the circuit court must be affirmed.

*By the Court.*—Judgments affirmed.

CURRIE, J., took no part.