Wisconsin Employment Relations Board, Plaintiff, vs. United Automobile, Aircraft & Agricultural Implement Workers of America and others, Defendants. [Two appeals.]

*December 7, 1955—January 10, 1956.*

For the plaintiff there were briefs by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the defendants there was a brief by *Max Raskin* of Milwaukee, *David Rabinovitz* of Sheboygan, and *William F. Quick* of Milwaukee, attorneys, and *Harold A. Cranefield* of Detroit, Michigan, of counsel, and oral argument by *Mr. Quick.*

BROWN, J.   The Union and its members were on strike against the Kohler Company and had set up a picket line when, on September 1, 1954, the board obtained a circuit court judgment directing the Union, its officers, agents, and

members to refrain from certain practices calculated to prevent persons intending to enter the Kohler plant from doing so. The judgment also directed the Union to take certain affirmative measures designed to guard against an unlawful interference by pickets with the free passage of persons bound to or from the plant. The judgment was affirmed in *Wisconsin E. R. Board v. United A., A. & A. I. Workers* (1955), 269 Wis. 578, 70 N. W. (2d) 191. Thereafter, the board received complaints that the pickets at the plant entrances continued to interfere with people wishing to enter and the board obtained an order from the circuit court commanding the International Union, the Local Union, and a number of named individuals to show cause why they should not be punished for civil contempt in their failure to obey and their disobedience of the judgment of September 1, 1954. The order came on to be heard, testimony was taken, and the trial court made findings of fact which found that there was no evidence of any act or omission on the part of the International or its representative, Robert Burkart, which violated the judgment or was in contempt of it, nor was there evidence establishing disobedience or contempt on the part of Allan Graskamp, president of the Union, or John Konec, chief picket captain of the Union. The judgment conformed to such findings and dismissed the charges of contempt which the board brought against the three individuals and the International. The board appeals from this part of the judgment.

The record establishes very clearly that many pickets representing the Union by force and intimidation interfered with the passage of persons seeking to go to work. This was direct disobedience of the judgment of September 1, 1954. There is no evidence that Burkart, Graskamp, or Konec participated in such obstruction of anyone's right to work or witnessed any incident or counseled or advised or ordered such behavior by pickets or sympathizers. The board contends that the pickets would not have behaved so without

the approval of the officers and representatives of the International and the Local Unions, and these officials must be presumed to know what is done on the picket line and are bound at least to attempt to control the actions of pickets engaged in aid of a strike conducted under such officers' direction. The board submits that inactivity of the officials under the circumstances is a contempt. On the other hand, in the period of the alleged contempt the assistant attorney general wrote two letters commending the officials for the way in which they had corrected violations of the judgment when the violations were called to their attention. There were also letters of complaint by the attorney general to the officers which did not contain such compliments and which were ignored by the Union officers.

The trial court found "that Local 833 disobeyed and failed to obey the judgment of this court entered on September 1, 1954, and is, therefore, in contempt of this court." The executive officers and agents of the Local Union *could* be held responsible for such failure in the absence of evidence convincing the court of their effort to comply, but the trial court did not so hold them, deeming the evidence insufficient to establish guilt. There is a reasonable inference from their official positions and the obligations and duties of those positions that the officers knew of and approved the conduct of the pickets and permitted violations which they could and should have prevented, but inferences to be drawn from evidence are for the trier of the fact and the trial court did not draw them. We should not substitute our inferences, if we have any, for those which the trial court failed to draw. The appeal of the board should be denied.

The trial court found John Martin and 15 other pickets in contempt for violating the judgment of September 1, 1954, by interfering with or obstructing the passage into the plant of people seeking work there. Martin and these others have appealed. Evidence concerning the behavior of these parties

on the picket line amply confirms the finding in the case of each, and this is not seriously denied by the appellants' counsel. Instead, they argue that the board and the Wisconsin courts have no jurisdiction in this matter because the Taft-Hartley Act has given jurisdiction exclusively to the National Labor Relations Board and the federal courts. They call upon us to reverse *Wisconsin E. R. Board v. United A., A. & A. I. Workers, supra,* in which we held to the contrary. We decline to do so and stand by that decision.

The record gives abundant support to the trial court's adjudication of contempt and we would feel compelled to affirm except that the judgment imposed no penalty but, on the contrary, stated:

"3. That the court reserves jurisdiction to impose punishment for said contempt at any time, upon its own motion or the motion of any interested party, without further notice or hearing."

In *Appleton Chair Corp. v. United Brotherhood* (1941), 239 Wis. 337, 1 N. W. (2d) 188, a judgment found an employer guilty of contempt but imposed no penalty. We held (p. 343):

"The appeal from the so-called supplementary judgment does not bring the contempt matter before us. The finding of guilty of contempt is not a final sentence of the law pronounced by the court. It is not an appealable order nor is it a final judgment. We find no occasion, therefore, for the exercise at this time of any authority over the so-called contempt proceedings."

Our mandate dismissed the appeal. The same situation with the same result occurred in *Waukesha Roxo Co. v. Gehrz* (1943), 244 Wis. 201, 12 N. W. (2d) 41. The question now appears in the same form. The part of the judgment from which the individuals appeal only adjudged them guilty of contempt but reserved jurisdiction in the trial court to take

further action. It cannot be considered presently appealable. We follow the precedent of the *Appleton Chair Corp. Case, supra,* and dismiss the appeal from this part of the judgment.

*By the Court.*—The part of the judgment from which Wisconsin Employment Relations Board appeals is affirmed. The appeal of the individual pickets from the rest of the judgment is dismissed.

CURRIE, J., took no part.