WISCONSIN EMPLOYMENT RELATIONS BOARD, Respondent, v. MEWS, d/b/a MEWS READY MIX CORPORATION, Appellant.*

*November 1—November 30, 1965.*

* Motion for rehearing denied, without costs, on February 1, 1966.

46

For the appellant there was a brief by *Joseph J. Shutkin,* attorney, and *Lorinczi & Weiss* of counsel, all of Milwaukee, and oral argument by *Mr. Shutkin.*

For the respondent the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILKIE, J. There are four issues presented on this appeal:

First, can appellant raise alleged procedural defects in connection with the underlying order and enforcement judgment as a defense against the contempt judgment?

Second, can civil contempt proceedings be employed to enforce a judgment based on a collective-bargaining agreement?

Third, do the provisions of ch. 103, Stats., apply to a contempt proceeding for violation of a judgment entered under sec. 111.07 (7) ?

Fourth, did the trial court err in allowing evidence to be presented in the contempt proceedings?

### *Defense to Contempt Judgment.*

Pointing out that he was not present at the December 10, 1963, hearing when the complaint was amended so as to make him a party, appellant argues that the original order (March 25, 1964) was invalid as to him and that he cannot be found in contempt for failing to obey a judgment (May 20, 1964) based on it. We do not consider the merits of this technical assault on the original order and enforcement judgment for the reason that Mews did not appeal from the judgment within the thirty days allowed by statute.[1] Having failed to directly challenge the judgment which expressly named him as a party, appellant is now precluded from collaterally asserting its invalidity.

[1] Secs. 111.07 (7) and 102.25, Stats.

Because the appellant is foreclosed from challenging the enforcement judgment in the contempt proceedings it is unnecessary to consider whether or not he is barred from attacking the validity of the underlying order by his failure to seek review of that order within the thirty days allowed by statute.[2]

Appellant was bound to obey the order and the judgment until they were reversed or modified by this court.[3] Since no timely attempt was made to review either the order or the judgment their validity is assumed and the question of contempt turns on whether directions of the enforcement judgment were disregarded.

### *Availability of Contempt to Implement Enforcement Judgment.*

Appellant argues that contempt proceedings will not even lie in this instance for several reasons:

*First,* that since the contempt judgment is based on a failure to make payments to the pension and welfare funds as required by the collective-bargaining agreement, appellant is being imprisoned for a debt arising out of a contract in violation of sec. 16, art. I of the Wisconsin constitution.[4] This analysis ignores the fact that thirty days of the imprisonment were for the failure to discharge Schlei, which does not involve any payment of money, and that the second thirty-day sentence was for not making payments *and* for failing to submit certain records. Even if appellant could not be imprisoned for refusing to contribute to the two funds, he could be for not turning over the records.

---

[2] Sec. 111.07 (8), Stats.

[3] *Wisconsin Employment Relations Board v. Allis-Chalmers Workers' Union* (1946), 249 Wis. 590, 595, 596, 25 N. W. (2d) 425; *Wisconsin Employment Relations Board v. Milk, etc., Union* (1941), 238 Wis. 379, 400, 299 N. W. 31.

[4] "IMPRISONMENT FOR DEBT. *Section* 16. No person shall be imprisoned for debt arising out of or founded on a contract, expressed or implied."

In any event, this court has expressly held in *In re Milburn* [5] that a statute permitting imprisonment for failing to comply with the mandate of a judgment was not repugnant to sec. 16, art. I of the constitution even though the judgment was for a debt arising out of a contract. There the court said:

" 'It is true that the order relates to the debt evidenced by the judgment against the relator, but this in no way alters the fact that the imprisonment is for contempt, not for the debt. And the contempt does not consist in the relator's neglect or refusal to pay the debt, but in his disobedience of the order directing him to hand over certain property to the receiver. The fact that the property in question is to be handed over for the purpose of being applied to the payment of the judgment, is in no way important. The commitment is, nevertheless, in no proper sense imprisonment for debt.' " [6]

*Second,* that sec. 295.01 (3), Stats.,[7] permits contempt punishment only where executions will not lie to collect the sums owed. However, as previously discussed, even if it were error to cite Mews for contempt for not making the required payments to the fund, the contempt judgment could validly be based on appellant's refusal to discharge Schlei and submit his books for examination.

*Third,* that the contempt action could not be brought when an accounting action was available as a remedy. However, it is apparent from an examination of the cases in this area that collective-bargaining contracts can be enforced through ch. 111, Stats., even though they would have been enforceable by other remedies in a

---

[5] (1883), 59 Wis. 24, 17 N. W. 965.

[6] Id. at page 33.

[7] "295.01 CONTEMPT POWER OF COURTS AND JUDGES. Every court . . . shall have power to punish by fine and imprisonment, or either, . . . in the following cases:

". . .

"(3) Parties to actions, . . . for the nonpayment of any sum of money ordered by such court to be paid in cases where by law executions cannot be awarded for the collection of such sum; . . ."

direct court action. For example, *Tecumseh Products Co. v. Wisconsin Employment Relations Board,*[8] and *General Drivers & Helpers Union. v. Wisconsin Employment Relations Board,*[9] were both cases brought under ch. 111 and involved disputes turning on monetary claims. In *General Drivers & Helpers Union,* the court said:

"This court has passed upon cases in which the board has exercised jurisdiction to order the employer to pay money to designated employees. *E. g., Wisconsin E. R. Board v. Gateway Glass Co.* (1953), 265 Wis. 114, 60 N. W. (2d) 768. We recognize that in such cases the alleged unfair labor practice involved a contract which was still in force.

"This court is of the opinion that the legislature intended the W. E. R. B. to have the power to make orders for the payment of money notwithstanding the fact that the claimed unfair labor practice arose after the termination of the contract which was allegedly violated."[10]

*Fourth,* that since the May 20, 1964, judgment improperly extends the mandate that he submit his payroll for audit beyond March 25, 1964, when the order was entered, he cannot be held in contempt for disobeying it. While this contention is directed to the issue of the availability of contempt proceedings, it actually amounts to an attack on the validity of the enforcement judgment itself. The time for appealing that judgment has long since lapsed and appellant cannot now challenge indirectly what he did not attack directly.

*Fifth,* that the punishment is too drastic. The general rule is that since their primary function is to enforce a judgment, civil contempt proceedings are primarily remedial.[11] However, there may be imprisonment in which case the "dominant character of the imprisonment is remedial and coercive, although a punitive effect may

[8] (1964), 23 Wis. (2d) 118, 126 N. W. (2d) 520.
[9] (1963), 21 Wis. (2d) 242, 124 N. W. (2d) 123.
[10] Id. at page 249.
[11] *Upper Lakes Shipping v. Seafarers' International Union* (1963), 22 Wis. (2d) 7, 125 N. W. (2d) 324.

also result." [12] Appellant has not cooperated with either the board or the court in complying with the enforcement judgment of May 20, 1964. He failed to attend court hearings, was previously (July 3, 1964) found to be in contempt for refusing to obey the judgment, was found by the court to have kept Schlei in his employ after notifying the court that he had been discharged, and refused to comply with the other provisions of the order. The trial court, which had the benefit of first-hand observations, summed up appellant's conduct in these words:

"Mr. Mews in his attitude with relation to the union and the pension fund and the welfare fund has been one in which he has had a chip on his shoulder. He was dealt with leniently the first time he was here. I thought then that this was the end of this case, that Mr. Mews would make up his mind that he was going to obey the orders and the judgment of this court but evidently he still persists in his defiance. He has received on this hearing every opportunity to explain why he has not given a modicum of cooperation and I am satisfied that he just will continue to persist in his defiance of the orders in his conviction that the union wants to put him out of business for which I find no basis at all and there is only one thing that this court can do and that's impose a jail sentence. I have no ill will in my heart against him. He has just made up his mind that he is going to run things his own way and he isn't going to get by with that."

Thereupon the court announced his finding of contempt and imposed punishment by way of both imprisonment and costs. The court concluded:

"Now, I have made that to be forthwith and the payment of the costs. There are no strings attached to this. The day for purging is all over. This is under the section of the statute which has that finality. The other provision of the statute limits thirty days or such time as in which the party will comply."

---

[12] *State ex rel. Rodd v. Verage* (1922), 177 Wis. 295, 314, 187 N. W. 830; also cited in *Upper Lakes Shipping v. Seafarers' International Union, supra,* footnote 11, at page 13.

Thus, it is clear that the trial court imposed the sentence under the provisions of sec. 295.16, Stats.,[13] and not sec. 295.15.[14] The imprisonment for sixty days was absolute and the appellant could not purge any portion thereof.

If citizens are to respect the courts, the parties must be able to employ civil contempt proceedings to aid in the enforcement of their adjudicated rights. Appellant's intentional defiance of the court's enforcement judgment and of the provisions of the first judgment finding him guilty of civil contempt cannot be condoned and the trial court's finding that the appellant's misconduct was "calculated to and did defeat, impede, and prejudice the rights and remedies of the Wisconsin Employment Relations Board" is abundantly supported by the record of the proceedings in the trial court. Nevertheless, since Mews does still appear to have it within his power to perform those parts of the enforcement judgment directing him to submit payroll books and records and make payments into the designated fund, in accordance with the provisions of sec. 295.15, Stats., the court should have ordered any imprisonment of Mews for these failures only until he shall have performed the required acts or duties.[15] As to the thirty-day imprisonment for his failure to discharge

[13] "295.16 TERM OF. In every other case, when no special provision is otherwise made by law, the defendant may be imprisoned for a reasonable time, not exceeding six months, and until the fine, if any, and the expenses of the proceedings are paid; and the duration of such imprisonment shall be expressed in the order and warrant of commitment."

[14] "295.15 IMPRISONMENT AND ORDER OF. When the misconduct proved consists of an omission to perform some act or duty which is yet in the power of the defendant to perform he shall be imprisoned only until he shall have performed such act or duty and paid such fine as shall be imposed and the costs and expenses of the proceedings. In such case the order and warrant of commitment shall specify the act or duty to be performed and the amount of the fine and expenses to be paid."

[15] *Upper Lakes Shipping v. Seafarers' International Union* (1964), 23 Wis. (2d) 494, 511, 128 N. W. (2d) 73.

Schlei, rights have already been adversely affected by Mews' failure to comply with the enforcement judgment, and the trial court was acting entirely within his authority (under sec. 295.16) to impose the jail sentence without any opportunity to Mews to purge himself on that count. The judgment assessed $100 costs against appellant and provided for imprisonment until such costs are paid. The court had full authority to do this.

### Application of Chapter 103.

The present action was commenced against Mews Ready Mix Corporation (and later appellant personally) pursuant to ch. 111, Stats., the Employment Peace Act, to correct alleged unfair labor practices. Appellant contends that the trial court overlooked the provisions of sec. 103.60 and sec. 103.61 in meting out punishment for contempt. This court has held that sec. 103.60, which spells out the rights of a person "charged with civil or criminal contempt for violation of a restraining order or injunction" and sec. 103.61, which establishes penalties for a contempt "specified in section 103.60," are by their very terms not applicable to proceedings such as the ones in the present case, instigated under ch. 111.[16]

### Evidence.

Appellant contends that the circuit court exceeded its jurisdiction by hearing further evidence on the contempt matter. While it is true that evidence cannot be introduced in a proceeding to obtain a judgment of enforcement under sec. 111.07 (7), Stats.,[17] evidence can be

---

[16] *Wisconsin Employment Relations Board v. Milk, etc., Union, supra,* footnote 3; *Wisconsin Employment Relations Board v. Allis-Chalmers Workers' Union, supra,* footnote 3.

[17] *Wisconsin Employment Relations Board v. J. P. Cullen & Son* (1948), 253 Wis. 105, 33 N. W. (2d) 182; *Wisconsin Employment Relations Board v. Allis-Chalmers Workers' Union* (1948), 252 Wis. 436, 31 N. W. (2d) 772, 32 N. W. (2d) 190.

presented to the court in a contempt action under ch. 295, to ascertain whether or not the enforcement judgment has been complied with.[18]

*By the Court.*—Judgment reversed, and cause remanded for entry of new judgment modified in accordance with this opinion. No costs allowed on this appeal.

[18] *Wisconsin Employment Relations Board v. United Automobile, Aircraft & Agricultural Implement Workers* (1956), 271 Wis. 556, 74 N. W. (2d) 205.