Wisconsin's Environmental Decade, Inc., Petitioner-Appellant, v. Public Service Commission, and another, Respondents.

*No. 76–289. Submitted on briefs June 2, 1977.—*
*Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 917.)

164

For the appellant the cause was submitted on the brief of *Melvin L. Goldberg* of Madison, and a reply brief by *Kathleen M. Falk* of Madison.

There was a brief by *Bronson C. La Follette*, attorney general, *Steven M. Schur*, chief counsel, and *Barbara J.*

*Willard,* assistant chief counsel, for Public Service Commission.

For Wisconsin Public Service Corporation the cause was submitted on the brief of *Allen W. Williams, Jr.,* and *Foley & Lardner,* all of Milwaukee.

HANLEY, J. The following issues are presented on appeal:

1. Is summary judgment procedure applicable to proceedings of judicial review of administrative actions under ch. 227, Stats.?

2. If summary judgment procedure is not applicable, may the respondent make, and the circuit court consider, in a judicial review proceeding a motion to dismiss for mootness, which asks the circuit court to take notice of matters outside the record?

3. Has this case been mooted, and therefore should not be determined, because the challenged order has been superceded by a subsequent order?

4. Has this case been mooted, and therefore should not be determined, because the PSC has conducted proceedings functionally equivalent to compliance with sec. 1.11(2) (e), Stats.?

5. If the merits of the case should be reached, does sec. 1.11(2) (e), Stats., apply to the PSC's action, and if it does apply, has the PSC met its requirements?

*Applicability of Summary Judgment*

The trial court denied WED's motion for summary judgment holding that summary judgment procedure is not authorized in proceedings for judicial review under the Administrative Procedure Act, ch. 227, Stats. We think the trial court was correct in this conclusion.

Sec. 802.08, Stats., which sets forth summary judgment procedure, was created by supreme court order.

*Wisconsin Rules of Civil Procedure,* 67 Wis.2d 585
(1975). Under this procedure the trial court's function
is to determine whether there are any issues of fact to be
tried. Sec. 802.08(2) and (3); *See Kavon Enterprises,
Inc. v. American Universal Insurance Co.,* 74 Wis.2d 53,
57, 245 N.W.2d 695 (1976). However, judicial review of
administrative decisions under ch. 227 envisages a re-
view upon the record, and there is no trial de novo in the
circuit court during such proceedings. Sec. 227.20(1),
Stats.; *Universal Organization of Municipal Foremen,
Supervisors & Administrative Personnel v. Wisconsin
Employment Relations Commission,* 42 Wis.2d 315, 321,
166 N.W.2d 239 (1969). Only under limited circum-
stances, such as where the procedure before the agency
is challenged as irregular, may the circuit court consider
facts outside the record made before the agency. The
whole procedure for appeal to the circuit court from
administrative decisions is summary in nature, since it
ordinarily involves only a review of the proceeding before
the agency, instead of a trial of fact issues. *See Ele-
mentary School District v. State Appeal Board,* 68 Wis.2d
127, 227 N.W.2d 642, 231 N.W.2d 193 (1975); *Wisconsin
Employment Relations Board v. J. P. Cullen & Son,*
253 Wis. 105, 33 N.W.2d 182 (1948).

The inapplicability of summary judgment procedure
to administrative review proceedings is further sup-
ported by the legislature's intent in creating ch. 227.
Ch. 227 provides a comprehensive, fully defined, pro-
cedure for judicial review of administrative decisions.
The legislature, recognizing the difference between these
judicial review proceedings and civil actions, intended to
provide in ch. 227 a single procedure to which the statutes
relating to practice in civil actions are inapplicable.
Hoyt, *The Wisconsin Administrative Procedure Act,* 1944
Wis. L. Rev. 214, 226–38.

*Propriety of Motion to Dismiss for Mootness*

The appellant contends that the conclusion that summary judgment procedure is inapplicable requires the denial of the respondents' motion to dismiss for mootness, because such a motion is, in effect, a motion for summary judgment. We do not agree.

In *Duel v. State Farm Mutual Automobile Insurance Co.*, 243 Wis. 172, 174-75, 9 N.W.2d 593 (1943), the court expressly held that a motion to dismiss for mootness cannot be considered a motion for summary judgment because the motions are different in character and raise different issues. A motion for summary judgment asks the trial court to determine if any fact issues exist to be tried and, if not, to decide the case on its merits. A motion to dismiss for mootness, on the other hand, does not involve the determination if there are any triable issues of fact and does not request a determination on the merits. When a case is dismissed because the issues therein have become moot, the rights of the parties are not adjudicated, and neither party is entitled to judgment. All that is involved when a case is dismissed upon the ground of mootness is a conclusion by the court that the determination sought cannot have any practical effect upon an existing controversy. *City of Racine v. J. T. Enterprises of America, Inc.*, 64 Wis.2d 691, 700, 221 N.W.2d 869 (1974). The purpose of a dismissal for mootness is simply to prevent an unnecessary expenditure of time by the court and the parties.

The appellant, in support of its position on this issue places great emphasis upon the fact a motion to dismiss for mootness, like a motion for summary judgment, generally raises matters outside the record. However, the matters raised by a motion to dismiss, unlike those raised by a motion for summary judgment, do not go to the merits of the case. Therefore, in a ch. 227 judicial review

proceeding, a motion to dismiss upon the ground of mootness does not conflict with the general provision that the judicial review, which goes to the merits of the case, be confined to the record, while a motion for summary judgment accompanied by supporting affidavits does so conflict.

We conclude that the fact summary judgment procedure is inapplicable in cases of this kind does not make a motion to dismiss upon the ground of mootness inappropriate.

*Mootness Based on Superceding Order*

One of the reasons expressed by the trial court for its conclusion that this case was moot and should not be decided was that the order sought to be reviewed had been superceded and was no longer of any effect.

The question of mootness was first raised in this case at oral argument upon the prior appeal relative to the issue of standing. At that argument, and by letter to the court, the respondents contended that the case was moot, because the order subject to review had been superceded by a subsequent order of the PSC. WED argues that the court, by its decision on the first appeal, *Wisconsin Environmental Decade, Inc. v. Public Service Commission, supra,* implicitly overruled the claim of mootness based upon the superceding order. The issue of mootness, however, was not considered or resolved by this court in the earlier decision. The court's initial statement in the opinion was that the single issue before it was whether WED's petition alleged facts which constituted standing to commence the action for judicial review. *Wisconsin's Environmental Decade, Inc. v. Public Service Commission, supra* at 4. Since mootness had not been raised before the circuit court and that the matter was before the court upon a motion to dismiss, which under

the circumstances was equivalent to a general demurrer, the court decided the mootness issue need not be considered and that it could be raised upon remand to the circuit court.

WED's petition seeks review of the PSC's order of August 20, 1973, and requests the court to declare the order void. Under sec. 227.20, the circuit court's power to review and effect relief is limited to the particular agency action, review of which is sought by the petitioner. Thus, in this case, since the order, review of which is sought, has been superceded and is no longer of any effect, the determination which WED seeks, that the order be declared void, cannot have any practical effect as to the controversy raised by the petition. Under such circumstances, the case is moot. *City of Racine v. J. T. Enterprises of America, Inc., supra.*

We think, however, that the issues in this case should not be subject to a rule of mootness caused by the superceding order. Numerous orders are entered every year by the PSC relative to the subject of natural gas curtailment. Shifting gas supplies and customer demands require modification of curtailment priority systems, and the PSC oftentimes enters a superceding order to accomplish these modifications. It, therefore, is doubtful that review and appeal could ever be completed before the subject order was superceded. In consequence, the controversy in this case, which involves environmental issues of public importance, is continuing in nature, and, if the court declines to resolve it because the order was superceded, it will defy review. Therefore, the fact the order was superceded should not prevent determination of the issues in this case. *Joint School District v. Wisconsin Employment Relations Board,* 37 Wis.2d 483, 496, 155 N.W.2d 78 (1967) ; *Mueller v. Jensen,* 63 Wis.2d 362, 217 N.W.2d 277 (1974).

174

*Mootness Based on Subsequent Compliance with Sec. 1.11(2)(e)*

The circuit court agreed with the respondents' contention that the controversy in this case is moot and should not be decided because the PSC has subsequently complied with the requirements of sec. 1.11(2) (e) of WEPA. In determining this issue the court is faced with the unusual situation of having to decide whether the PSC has complied with the statute before determining whether the statute is applicable to the proceedings sought to be reviewed by WED's petition.

Even though the issue of applicability remains contested, the question of compliance has been properly raised in the context of mootness. Therefore, an orderly discussion of the issues requires that this question of subsequent compliance be considered first assuming, for this purpose, the statute applies.

The interpretation of sec. 1.11(2) (e) of WEPA has not been previously considered by the court. The court is not, however, without guidance because the provisions of WEPA were patterned after those of sec. 102 of the National Environmental Policy Act (NEPA), 42 U.S.C. §4332 (1970). Sec. 1.11(2) (e) of WEPA is identical to NEPA's sec. 102(2) (D), 42 U.S.C. §4332(2) (D) (1970), *as amended,* sec. 102(2) (E), 42 U.S.C. §4332(2) (E) (Supp. V 1975) (hereinafter referred to as sec. 102(2) (D) of NEPA). Therefore, federal law construing this section of NEPA is persuasive authority. *See Wisconsin's Environmental Decade, Inc. v. Public Service Commission, supra* at 19.

The requirement of sec. 1.11(2) (e) of WEPA and its counterpart in NEPA is less well known and has been considered much less often than the environmental impact statement requirement found in sec. 1.11(2) (c), Stats., and sec. 102(2) (C) of NEPA, 42 U.S.C. §4332

(2) (C) (1970). Nevertheless, the federal courts have held that sec. 102(2)(D) of NEPA imposes an independent and affirmative obligation which must be fulfilled by state agencies regardless of whether under the circumstances an environmental impact statement is required under sec. 102(2)(C). *Trinity Episcopal School Corp. v. Romney,* 523 F.2d 88, 93 (2d Cir. 1975) ; *Hanly v. Kleindienst,* 471 F.2d 823, 834–35 (2d Cir. 1972), *cert. denied,* 412 U.S. 908 (1973) ; *Environmental Defense Fund, Inc. v. Corps of Engineers,* 470 F.2d 289, 296 (8th Cir. 1972), *cert. denied,* 412 U.S. 931 (1973). The same is true in the case of WEPA's sec. 1.11(2)(e).

Sec. 1.11(2)(e) basically requires the consideration of alternatives to a proposed action involving conflicts concerning uses of available resources. The obligation imposed is greater than the simple taking into account of alternatives by the agency in its decision-making. The agency must "study, develop, and describe" alternatives. Thorough agency action is required. *See Environmental Defense Fund, Inc. v. Corps of Engineers,* 492 F.2d 1123, 1135 (5th Cir. 1974).

While the agency's consideration of alternatives is to be thorough, it need not be absolutely exhaustive, considering every conceivable alternative. The requirement of sec. 1.11(2)(e) is subject to a rule of reason. *See Sierra Club v. Lynn,* 502 F.2d 43, 62 (5th Cir. 1974), *cert. denied,* 421 U.S. 994 (1975). The range of alternatives that must be considered need not include those whose effect cannot be reasonably ascertained, whose implementation is deemed remote or speculative, or which are not reasonably related to the purposes of the proposed agency action. *See Trout Unlimited v. Morton,* 509 F.2d 1276, 1286 (9th Cir. 1974) ; *Sierra Club v. Lynn, supra.*

The purposes of this "study, develop and describe" requirement is to assure that alternatives are adequately

explored in the initial decision-making process, to provide an opportunity for those removed from that process to evaluate the alternatives, and to provide evidence that the mandated decision-making process has taken place. *See Trout Unlimited v. Morton, supra* at 1285–86; *Calvert Cliffs' Coordinating Committee, Inc. v. Atomic Energy Commission*, 449 F.2d 1109, 1114 (D.C. Cir. 1971).

In light of these purposes, the specific provision that the agency "describe" alternatives contemplates, and indeed mandates, that the agency's study and development of alternatives be incorporated in a written statement in adequate detail. In order to assure that the obligation to study and develop alternatives is performed and to provide a record for subsequent reviewers, written performance of the obligation in sec. 1.11 (2) (e) is absolutely critical.

The record does not demonstrate that the PSC has satisfactorily complied with the requirement of sec. 1.11 (2) (e). In its supplementary statement of position, filed with the circuit court, the PSC first asserted that it has met the requirements of the statute. The relevant portion of that statement of position states:

"2. That the petition should, however, be dismissed on the merits on the grounds of mootness because:
"(1) The order sought to be reviewed has been superceded and no longer has any force or effect.
"(2) That the other relief requested, i.e., that the commission study and develop alternatives to the order, have been accomplished at the commission's own motion in proceedings which have taken place since the issuance of the order under review. These proceedings include:
"a. Docket number 2–U–7643, which was a general inquiry into the energy requirements of gas and electric consumers in Wisconsin, and future available alternatives to meet those requirements.

"b. Docket number 01–GI–3, which was an inquiry to update 2–U–7463 with respect to gas rements and to determine the current status of gas supply and the future outlook for gas supplies to customers in Wisconsin.

"c. Docket number 2–U–7912, which was an inquiry into the need for, and means to achieve, gas conservation in Wisconsin. The result of that inquiry was a proposal for gas conservation rules and an order requiring all gas utilities to take certain steps aimed at promoting gas conservation.

"d. Docket number 1–AC–4 is a rulemaking proceeding to promulgate the gas conservation rules proposed by the commission as a result of the inquiry in 2–U–7912. The proposed rules have been issued and four days of hearing have been held. This proceeding is still pending.

"3. That a copy of the commission order in docket no. 2–U–7912, and the notice of hearing in docket no. 1–AC–4 it attached hereto, and that the court can take judicial notice of such notices and orders."

The PSC order in docket 2–U–7912 and the notice of hearing in docket number 1–AC–4 certainly evidence that the PSC has considered numerous alternatives in the area of natural gas conservation. These documents, however, aside from the question of adequacy as to the scope of the PSC's consideration, do not satisfy the obligation to place the PSC's study and development of alternatives in written form. These documents do not "describe" alternatives as contemplated by the statute.

We do not ignore the fact that the notice of hearing in docket number 1–AC–4 includes a copy of a proposed rule, Wis. Adm. Code sec. PSC 134.09, which requires numerous measures for gas conservation. This document, which as noted above does show significant consideration of alternatives by the PSC, is simply not in the nature of a written description of alternatives studied and developed by the agency.

The respondents also contend that the fact the PSC has held various proceedings making inquiry into the subject of natural gas conservation evidences compliance with

sec. 1.11(2)(e). While such proceedings certainly indicate alternatives have been studied, and even developed, they accomplish nothing in the way of description. The collection of information in the transcripts of various inquiries into the particular subject matter does not constitute description of alternatives.

Since it is concluded that the PSC has failed to describe alternatives within the meaning of sec. 1.11(2)(e), it would serve no purpose to attempt to determine if the PSC's study and development of alternatives was sufficient. It is concluded that the respondents have not shown the PSC has, subsequent to the entry of the order sought to be reviewed, complied with sec. 1.11(2)(e). Their contention that the case is moot upon that ground, therefore, is without merit.

*Merits of the Case*

Following the conclusions (1) that the case is not moot because of subsequent compliance by the PSC and (2) that although it is moot because the challenged order was superceded, it should nevertheless be decided, this case is ready for a determination on the merits. Having determined that there was no subsequent compliance with the statute, and there being no contention that compliance had been previously made, the only issue which remains is whether sec. 1.11(2)(e) applies to the agency action challenged by the petition. This is an issue of law, and, because of the frequency of PSC orders such as that under consideration, it is a recurring one. The circuit court is in no better position than this court to decide the issue, and thus remand would serve no useful purpose. As a result, we have decided to consider the question of the applicability of sec. 1.11(2)(e).

The two respondents, the PSC and the corporation, have adopted differing positions upon appeal in respect

to this issue. The PSC concedes that sec. 1.11 (2) (e) is applicable in the instant case. However, the respondent corporation contends that since natural gas is not a natural resource of Wisconsin, its conservation is not subject to WEPA. Sec. 1.11 (2) (e) is not limited in its scope to matters of state resources, but rather specifies that its application is in relation to "available" resources.

The order which is challenged by WED was made pursuant to a proposal for the setting of priorities, based upon the end uses of natural gas, for the curtailment of natural gas service. This falls squarely within the language of sec. 1.11 (2) (e) referring to "any proposal which involves unresolved conflicts concerning atlernative uses of available resources." The order challenged by WED, although no longer of any effect, was improperly entered for failure to comply with sec. 1.11 (2) (e).

The WED requests that this case be remanded to the PSC with directions that it comply with sec. 1.11 (2) (e). However, because the order has been superceded, the court can find no reason to perpetuate this proceeding for its review. This court, while agreeing with the circuit court that the case is moot because of the superceding order, has reached the merits and interpreted sec. 1.11 (2) (e) in regard to a proceeding involving the authorization of priority systems for the curtailment of natural gas service. Such proceedings are frequently recurring before the PSC, and, therefore, the court decides the better resolution of this case is to affirm the trial court's judgment and direct the PSC to meet the requirements of sec. 1.11 (2) (e) as stated in the decision in conjunction with future proceedings of this nature.

*By the Court.*—Judgment affirmed.