Raymond OMERNICK, and others, Petitioners-Respondents, v. DEPARTMENT OF NATURAL RESOURCES, Appellant. [Case No. 77–557.]†

STATE, Petitioner-Appellant, v. Raymond OMERNICK, and others, Respondents. [Case No. 77–558.]†

Court of Appeals

*Nos. 77–557, 77–558. Submitted on briefs October 15, 1979.— Decided December 20, 1979.*
(Also reported in 287 N.W.2d 841.)

† Petition for review granted.

310

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Robert B. McConnell,* assistant attorney general.

For the respondents the cause was submitted on the briefs of *Jack Osswald* of Chicago, Illinois.

Before Donlin, P.J., Foley, J. and Gartzke, J.

FOLEY, J. The Department of Natural Resources appeals from a judgment vacating a Department order, refusing enforcement of the order, and remanding the matter to the Department for another evidentiary hearing. The order was made following a sec. 30.03 (4) (a), Stats., hearing at which the Department found that two streams on the Omernicks' property were navigable and that the Omernicks had built structures on these streams contrary to sec. 30.12, Stats. The Omernicks were given notice of the hearing but did not appear. After the order was made, the Omernicks requested a rehearing, but the request was denied. They then petitioned the trial court for review of the DNR action. Meanwhile, the DNR sought enforcement of its order in the trial court. The trial court did not issue an enforcement order, ruling that the DNR findings were not supported by adequate evidence and required another hearing by the Department. Because we conclude that the DNR's findings were supported by substantial evidence, we reverse the judgment and remand this matter to the trial court with directions to affirm the DNR order and to proceed with the enforcement action.

A court should not upset the findings of an agency on judicial review if they are supported by substantial evidence in the record. Section 227.20 (6), Stats. A reviewing court should not weigh the evidence or pass on the credibility of witnesses. *City of Superior v. DILHR,* 84 Wis.2d 663, 267 N.W.2d 637 (1978). A reviewing court cannot overturn an agency finding even if it may be against the great weight and clear preponderance of the evidence. *Holtz & Krause, Inc. v. DNR,* 85 Wis.2d 198, 270 N.W.2d 409 (1978).

In this case, the agency findings were based on substantial evidence. At the DNR hearing, there was testi-

mony by DNR wardens and by the former Marathon County district attorney that they had, in fact, navigated the streams in canoes. They testified that although they had to portage at several points, this was not due to the shallowness or narrowness of the stream, but to the presence of fallen trees and large rocks.

There was also testimony that the offending structures built on the streams were all on the Omernick property, and that the Omernicks had owned and farmed the land for a long time. The Omernicks had their property posted with "no trespassing" signs and indeed had been known to shoot at trespassers. It is reasonable to infer that the structures were built by the Omernicks. The Omernicks, although subpoenaed, chose not to appear at the DNR hearing. They did not, therefore, present any contrary evidence. The Omernicks cannot now complain that they did not have an adequate opportunity to refute DNR evidence.

Both parties have raised many other issues, some of which we will address briefly. The Omernicks contend that a search warrant obtained by DNR wardens to come onto their property to inspect the structures in question was obtained without probable cause. The Omernicks want all evidence obtained as a result of the search warrant excluded from consideration. We do not find it necessary to rule on the legality of the issuance of the warrant or even on the need for a warrant in these circumstances. The Omernicks did not raise this issue at the agency level in their petition for rehearing and cannot raise it for the first time in the trial court. *Village of Cobb v. PSC*, 12 Wis.2d 441, 107 N.W.2d 595 (1961). The Omernicks are therefore precluded from raising this issue on appeal.

The DNR contends that the trial court lacked jurisdiction over this matter because the Omernicks commenced

their action pursuant to sec. 801.02, Stats., requiring service of authenticated copies on all interested parties. The Omernicks contend that ch. 801 is inapplicable and that judicial review proceedings are governed exclusively by ch. 227, Stats. We agree with the Omernicks.

Section 227.16, Stats., has been enacted as the method for review of administrative decisions. Chapter 801 is applicable to civil actions and not judicial review proceedings. *Nelson v. DNR*, 8 Wis.2d 1, 276 N.W.2d 302 (Ct. App. 1979). The Wisconsin Supreme Court has said "[t]he legislature, recognizing the difference between these judicial review proceedings and civil actions, intended to provide in ch. 227 a single procedure to which the statutes relating to practice in civil actions are inapplicable." *Wisconsin's Environmental Decade, Inc. v. PSC*, 79 Wis.2d 161, 170, 255 N.W.2d 917, 923 (1977). The Omernicks did not need to comply with the authentication requirements of sec. 801.02.

The DNR also contends that the Omernicks failed to comply with sec. 227.16(1)(c) in that they did not serve all parties who appeared before the agency with a copy of their petition for judicial review. The Omernicks failed to serve Ben Luedtke, a newspaper reporter who signed an appearance slip at the DNR hearing. Luedtke gave his address as "Wausau Daily Herald," and the court reporter entered the appearance as by the newspaper and not by Luedtke personally. Luedtke did not participate in the hearing in any way. The Omernicks contend that Luedtke was present as a reporter and not as an interested party. The DNR contends that it is impossible to determine why Luedtke was present, and he should have been served in the event that he is an interested party.

In *Wisconsin's Environmental Decade, Inc. v. PSC*, 84 Wis.2d 504, 526, 267 N.W.2d 609, 621 (1978), the Wisconsin Supreme Court said "[f]irst, the use of appear-

ance slips to determine the identity of the parties is not a precise or objective method of determining parties . . . ." In that case, the court also stated that sec. 227.16 (1) (c) must be construed in a reasonable fashion to require service on parties who are actually interested, not on all persons who appear. In the present case, we agree with the Omernicks that there is no indication that Luedtke was an interested party. We will not hold that the trial court lacked jurisdiction because of the Omernicks' failure to serve him.

There are additional issues raised by the DNR that we have not considered in this opinion. Having decided these cases in favor of the DNR, discussion of these issues is unnecessary.

*By the Court.*—Judgments reversed and remanded with directions.