Donald P. NELSON and Anita Nelson, Petitioners-Appellants,

Palmer NELSON, Vanetta Christopherson, Charles Thomas, Meta Thomas, Carl Legge, Shirley Legge, Robert Nelson, Patricia Nelson, Helen Bogh, Fred I. Boles, Juanita V. Voles, Barbara A. Waterman, Carl J. Waterman, Jr., Donald Stowell, Virginia Stowell, Frederick G. Winnes and Howard E. Starr, Petitioners,

v.

DEPARTMENT OF NATURAL RESOURCES of the State of Wisconsin, Respondent-Petitioner.

Supreme Court

*No. 77-568. Argued March 31, 1980.—Decided June 3, 1980.*

(Also reported in 292 N.W.2d 655.)

For the respondent-petitioner the cause was argued by *Robert B. McConnell,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the appellants there were briefs by *Robert D. Sundby* and *DeWitt, McAndrews & Sundby, S.C.,* of Madison, and oral argument by *Robert D. Sundby.*

Brief amicus curiae was filed by *Burt P. Natkins,* legal counsel and *Le Roy A. Lokken,* assistant legal counsel for League of Wisconsin Municipalities, of Madison.

PER CURIAM. This is a review of a decision of the court of appeals, *Nelson v. DNR,* 88 Wis.2d 1, 276 N.W.2d 302 (Ct. App. 1979), which reversed a judgment of the circuit court for Dane county, WILLIAM C. SACHTJEN, Circuit Judge, which had affirmed an order of the Department of Natural Resources (DNR). The position of the DNR is that sec. 144.445, Stats. 1975, authorized it to issue a license for the operation of a solid waste disposal site in Columbia county regardless of the provisions of the Columbia county zoning ordinance which did not authorize the use of the land in question for the operation of a solid waste disposal site. The court of appeals held that sec. 144.445, Stats. 1975, does not authorize the DNR to contravene a county zoning ordinance prohibiting the use of certain lands in the county for solid waste disposal sites. We summarily affirm the decision of the court of appeals, with the reservations set forth hereinafter.

The occasion for granting the petition to appeal was to resolve what appeared to us an important question of the interaction between the county's power to enact zoning ordinances and the DNR's regulatory activities involving solid waste disposal sites pursuant to ch. 144, Stats.

After carefully considering the briefs and oral arguments of the parties on appeal, we have reached the conclusion that this case is an inappropriate vehicle for deciding this question, because sec. 144.445, Stats. 1975, which is the focal point of the instant controversy, has been amended by ch. 377, Laws of 1977.

The instant case thus presents an issue only as to the proper construction of the 1975 statutes. To the extent that the instant case may have any significance for the

future, the issues should await a case arising under the new law. To render a determination upon the 1977 law, we should have the benefit of the reasoning of the DNR, the circuit court and the court of appeals. And perhaps before such a case arises, the legislature will again amend the statutes to clarify further its intent on the issues posed in the present case.

For these reasons we summarily affirm the decision of the court of appeals. We do however express two reservations about the opinion. First, we disavow the analysis of ch. 377, Laws of 1977, set forth in the opinion of the court of appeals. This analysis is *obiter dicta.* Second, we disavow the analysis of ch. 801 and sec. 227.16 set forth in the opinion of the court of appeals. We consider this analysis to be *obiter dicta* as well.

We do not intend these disavowals to imply that we necessarily disagree with the analyses. We merely do not consider these issues as pertinent to our summary affirmance of the decision of the court of appeals in the instant case, and we have not considered these issues on their merits. We therefore conclude that the *dicta* does not have any binding or precedential effect.

On this basis and for the reasons set forth herein, we summarily affirm the decision of the court of appeals.