CHARTER MANUFACTURING COMPANY, INC., Plaintiff-Respondent,

v.

MILWAUKEE RIVER RESTORATION COUNCIL, INC., Robert Fuller, Norman Huth, Oliver Fick, Richard Brandt and Lawrence Brumm, Defendants-Appellants,

DEPARTMENT OF NATURAL RESOURCES, State of Wisconsin, Defendant.†

Court of Appeals

*No. 80–569. Submitted on briefs January 8, 1981.—Decided May 26, 1981.*

(Also reported in 307 N.W.2d 322.)

† Petition to review granted.

522

For the defendants-appellants the cause was submitted on the briefs of *David C. Pappas* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Frank J. Daily* and *Patricia K. Ballman* and *Quarles & Brady* of Milwaukee, of counsel.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Defendants Milwaukee River Restoration Council, Inc. (Council) and its members appeal from a judgment which vacated a prior judgment by the

same circuit court. The prior judgment was rendered in a ch. 227, Stats., review of a decision by the Department of Natural Resources (DNR). Because we conclude that a judgment in a ch. 227 review may not be vacated under sec. 806.07 (1) (g) or (h), Stats., we reverse and remand for further proceedings consistent with this opinion.

The DNR approved a plan submitted by the Village of Saukville to extend water and sewer service to the industrial plant of plaintiff Charter Manufacturing Company, Inc. (Charter). Approval was conditioned on passage of a village ordinance prohibiting further sewer connections until an expanded sewage treatment facility was placed in operation. The village passed the ordinance.

The Council commenced an action against the DNR for ch. 227, Stats., review of DNR's approval. The village was a party to that action but Charter was not. The village and DNR stipulated in that action that judgment be entered affirming the plan's approval, subject to additional conditions not originally imposed by DNR. The additional conditions prohibited the sewer extension to Charter's plant until the village plant met treatment and phosphorous removal standards which became effective after approval had been granted and until the DNR notified the Council that the plant met the conditions. Judgment was entered March 25, 1977 affirming the DNR's original approval, subject to the stipulated additional conditions.

In 1978 Charter commenced the action which resulted in this appeal. Charter sought a declaratory judgment pursuant to sec. 806.04, Stats., to vacate the 1977 judgment and to require the village to grant a sewer extension pursuant to the original plan approved by DNR. The complaint alleges that the village cannot meet the

additional conditions imposed by the 1977 judgment and alleges facts on which it claims that it has suffered hardship and has been denied equal protection and due process. The Council's answer put in issue Charter's allegations as to Charter's constitutional rights. Saukville advised the court that it could not meet the conditions imposed by the 1977 judgment for lack of federal funds.

Charter moved for summary judgment declaring the 1977 judgment void and vacated. The motion was based upon uncontradicted affidavits showing hardship to Charter and lack of federal funds, and showing that Saukville has granted 179 sewer permits, including four to industrial facilities, three to commercial enterprises, and seventeen to multifamily dwellings, since the Council commenced the ch. 227, Stats., action in 1975. The trial court granted the motion. It concluded that the judgment was not void but that it was voidable and vacated the judgment under sec. 806.07(1)(g) and (h), Stats., on grounds that its prospective application was no longer equitable because the stipulation on which the judgment was entered had erroneously assumed that the village would obtain federal funding to upgrade its treatment plant.[1] The court concluded that relief was available to Charter under sec. 806.07 because Charter was the real party in interest to the action which resulted in the 1977 judgment.

---

[1] Section 806.07(1), Stats., provides in material part:

On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

Neither party questioned the trial court's power to vacate the 1977 judgment. We ordered the parties to brief the issue.

We conclude that sec. 806.07 (1) (g) and (h), Stats., does not permit a court to grant relief from a judgment entered in a ch. 227, Stats., review of an administrative decision. The statutes relating to practice in civil actions are inapplicable to judicial review under ch. 227. *Wis. Environmental Decade v. Public Service Comm.,* 79 Wis.2d 161, 170, 255 N.W.2d 917, 923 (1977) ; *Omernick v. Department of Natural Resources,* 94 Wis. 2d 309, 313, 287 N.W.2d 841, 843 (Ct. App. 1979), *aff'd on other grounds,* 100 Wis.2d 234, 301 N.W.2d 437 (1981). As stated in *Wis. Environmental Decade,* 79 Wis.2d at 170, 255 N.W.2d at 923 :

Ch[apter] 227 provides a comprehensive, fully defined, procedure for judicial review of administrative decisions. The legislature, recognizing the difference between these judicial review proceedings and civil actions, intended to provide in ch. 227 a single procedure to which the statutes relating to practice in civil actions are inapplicable. Hoyt, *The Wisconsin Administrative Procedure Act,* 1944 Wis. L. Rev. 214, 226–38.

We held in *Chicago & N. W. R.R. v. Labor & Ind. Rev. Comm.,* 91 Wis.2d 462, 476, 283 N.W.2d 603, 610 (Ct. App. 1979), that the court of appeals has no power under sec. 806.07 (1) (b) and (h), Stats., to relieve a party from a judgment rendered in a ch. 227, Stats., proceeding, even though sec. 808.07 (2) (a) 4, Stats., provides that an appellate court may determine a motion filed under sec. 806.07. We said, "Chapter 227, Stats., cannot be supplemented by statutory remedies . . . pertaining to civil procedure." 91 Wis.2d at 475–76, 283 N.W.2d at 610. While affirming our decision on narrow-

er grounds, the supreme court noted that "reviewing courts have no powers with respect to decisions and orders of administrative agencies except as set forth in ch. 227. . . ." *Chicago & N. W. R.R. v. Labor & Ind. Rev. Comm.*, 98 Wis.2d 592, 612–13, 297 N.W.2d 819, 828 (1980). The assumption of these decisions is that the integrity of the administrative process can be preserved only through an exclusive procedure for judicial review.

No part of ch. 227, Stats., authorizes the circuit court to vacate a judgment entered in a ch. 227 review of an administrative decision. The judgment before us on appeal must therefore be reversed, unless, as Charter argues, the action of the circuit court may be sustained as a declaratory judgment.

Charter contends that the trial court acted properly because Charter brought an independent action for declaratory relief, because the trial court did not review the merits of the DNR's decision, and because the trial court vacated an unconstitutional, illegal and inequitable judgment. As ch. 227, Stats., contains no procedure by which a person adversely affected by a ch. 227 judgment may be relieved from an unconstitutional, illegal or inequitable judgment, Charter contends that such relief must be available through a declaratory judgment.[2]

That sewer permits were granted to other persons is insufficient to establish Charter's claim of unequal protection of the laws. The circumstances under which those

---

[2] Charter cites several cases in which the supreme court held that courts have power over declaratory judgment actions arising out of administrative matters. No case cited, however, involves actions seeking a declaration that a judgment entered pursuant to a review under ch. 227, Stats., be vacated on the grounds that facts arising after the judgment renders the judgment illegal or unconstitutional.

permits were granted are not of record and cannot be compared with Saukville's application to serve Charter. No factual basis for the claim that the judgment was unconstitutional or illegal was therefore presented to the court on the motion for summary judgment.

More importantly, declaratory relief was not available to Charter on its motion for summary judgment because Charter failed first to obtain a decision from the DNR on the basis of facts occurring long after the record was made before the DNR.[3] Whether Charter should be permitted on the basis of the new facts to hook up to Saukville's sewer, is a question for the DNR. Power to approve sewer extensions has been delegated by sec. 144.04, Stats., to that agency, not the courts.

Charter cannot obtain judicial review of administrative action on constitutional grounds on a record not made before the agency unless Charter cannot obtain a decision from the agency after it considers the new facts claimed to exist. If determining a constitutional issue requires a factual record, the issue must first be raised before the agency, and "all efforts should be directed toward developing a record that is as complete as possible in order to facilitate subsequent judicial review of the record under sec. 227.20, Stats." *Omernick,* 100 Wis.2d at 248, 301 N.W.2d at 444.

Developing a factual record on which a constitutional claim rests is essential, because sec. 227.20, Stats., limits judicial power over administrative decisions to review of

---

[3] Our decision of course does not affect the statutory right to bring an action for declaratory judgment as "the exclusive means of judicial review of the validity of [an administrative] rule," contained in sec. 227.05(1), Stats.

the agency's actions, based on the record developed before the agency. *Ashwaubenon v. State Highway Comm.*, 17 Wis.2d 120, 127, 115 N.W.2d 498, 502 (1962); *Chicago & N. W. R.R.*, 91 Wis.2d at 475, 283 N.W.2d at 610.

Our disposition makes it unnecessary for us to inquire whether Charter may seek relief from a judgment on review of an administrative decision where Charter was not a party before the agency or the court.

*By the Court.*—Judgment reversed and remanded for further proceedings consistent with this opinion.