STATE of Wisconsin EX REL. TOWN OF DELAVAN, Petitioner,

v.

CIRCUIT COURT FOR WALWORTH COUNTY, Honorable James L. Carlson, Presiding, Daniel G. Kilkenny, Wisconsin Department of Development, The City of Delavan, LLL Partners, LLF Partners and Lake Lawn Airport Corporation, Respondents.

Supreme Court

*No. 91-1140-W. Oral argument February 26, 1992.—Decided April 21, 1992.*

(Also reported in 482 N.W.2d 899.)

For the petitioner there were briefs by *Michael P. May* and *Boardman, Suhr, Curry & Field,* Madison and oral argument by *Mr. May.*

For the respondents there was a brief by *William F. White, Stephen L. Crocker* and *Michael, Best & Friedrich, Madison* and oral argument by *Mr. White.*

Amicus curiae brief was filed by *F. Thomas Creeron, III,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

LOUIS J. CECI, J.  This case is before the court on certification by the court of appeals, pursuant to sec. 809.61, Stats. The petitioner, Town of Delavan (the town), seeks a writ of prohibition directing Walworth County Circuit Judge James L. Carlson to refrain from taking further actions in the underlying ch. 227, Stats., judicial review and to process a request for substitution of judge which was filed pursuant to sec. 801.58(7), Stats.[1] This case presents the sole issue of whether sec. 801.58(7) applies in a ch. 227 judicial review.[2] We hold that it does.

---

[1]Section 801.58(7), Stats., provides in relevant part:

**801.58 Substitution of judge. . . .**

. . .

(7)  If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) [for substitution of judge] . . ..

Section 801.58(7) creates an unqualified right to substitution when further trial court proceedings are necessary after remand from an appellate court. *State ex rel. Oman v. Hunkins,* 120 Wis. 2d 86, 91, 352 N.W.2d 220 (Ct. App. 1984)

[2]We do not address the issue of what requirements must be met before a writ of prohibition will normally be granted, because the refusal to honor a timely request for substitution warrants the issuance of the desired writ of prohibition. *State ex rel. Oman v. Hunkins,* 120 Wis. 2d 86, 91, 352 N.W.2d 220 (Ct. App. 1984). For a discussion of what requirements must normally be met

The underlying case seeks judicial review of a Wisconsin Department of Development determination that a proposed incorporation of certain lands as a village did not meet the applicable standards prescribed in sec. 66.016, Stats. The town filed the request for substitution of judge after the underlying ch. 227 judicial review was remanded to the circuit court by the court of appeals in *Town of Delavan v. City of Delavan,* 160 Wis. 2d 403, 466 N.W.2d 227 (Ct. App. 1991). By a decision and order dated April 13, 1991, Judge Carlson denied the request for substitution of judge on the grounds that sec. 801.58(7) does not apply in a ch. 227 judicial review. The town filed its petition for a supervisory writ in the court of appeals on May 14, 1991.[3] This court accepted certification from the court of appeals.[4]

---

before a writ of prohibition will be granted, *see State ex rel. Beaudry v. Panosian,* 35 Wis. 2d 418, 426, 151 N.W.2d 48 (1967).

[3]Pursuant to sec. 801.58(2), Stats., the town also requested the chief judge of the second judicial administrative district, Stephen A. Simanek, to review Judge Carlson's decision. On May 10, 1991, Chief Judge Simanek affirmed Judge Carlson's determination that sec. 801.58(7) does not afford the town the right to a substitution of judge. The town's petition to the court of appeals stated that the town had requested Chief Judge Simanek to review Judge Carlson's decision but that no decision had been received and that the town had contacted the chief judge's office and did not know when the chief judge would act. The parties apparently received Chief Judge Simanek's decision by mail on May 15, 1991.

[4]The court of appeals' certification request states: "[T]he court of appeals is unable to make a determination that will compel the chief judge of the judicial administrative district to act if that determination is contrary to the chief judge's decision. *State ex rel. Gilboy v. Circuit Court for Waukesha County,* 119 Wis. 2d 27, 33, 349 N.W.2d 712, 715–16 (Ct. App. 1984)." We do not decide today whether review by the chief judge was a neces-

The issue before this court, whether sec. 801.58(7), Stats., applies in a ch. 227 judicial review, is a matter of statutory interpretation. Statutory interpretation is a question of law which we review without deference to the decisions of the lower courts. *Pulsfus Farms v. Town of Leeds,* 149 Wis. 2d 797, 803–04, 440 N.W.2d 329 (1989).

The respondent, City of Delavan (the city), urges us to find that sec. 801.58(7), Stats., is inapplicable to ch. 227 judicial reviews. The city argues that the language of secs. 227.02, 227.52, and 227.53, Stats., supports its argument. We do not agree.

Section 227.02, Stats., provides:

**227.02   Compliance with other statutes.** Compliance with this chapter does not eliminate the necessity of complying with a procedure required by another statute.

As commanded by the express language of sec. 227.02, ch. 227 judicial reviews must comply with the procedure required by other statutes. However, we read into sec. 227.02 an implicit prerequisite that that section only requires compliance with those procedures required by other statutes which do not conflict with ch. 227. Section 227.02 therefore commands that the substitution of judge provided by sec. 801.58(7) be available in ch. 227 judicial reviews, as long as the substitution of judge does not conflict with provisions of ch. 227. As there are no sections of ch. 227 that would conflict with or be rendered ineffective by allowing sec. 801.58(7) substitutions, we find that sec. 801.58(7) does not conflict with ch. 227,

sary prerequisite to appeal to the court of appeals. We also do not review *Gilboy* today and make no determination as to whether *Gilboy* is a correct interpretation of the law.

and sec. 801.58(7) is, therefore, applicable in ch. 227 judicial reviews.

In addition, the language of secs. 227.52 and 227.53 do not advance the city's argument. Section 227.52, Stats., provides in relevant part:

> **227.52 Judicial review; decisions review-able.** Administrative decisions which adversely affect the substantial interests of any person . . . are subject to review *as provided in this chapter . . ..*

(Emphasis added.) Section 227.53, Stats., provides in relevant part:

> **227.53 Parties and proceedings for review.** **(1)** Except as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review thereof *as provided in this chapter.*

(Emphasis added.) The emphasized portions of secs. 227.52 and 227.53 state that judicial review under ch. 227 is to be conducted pursuant to the provisions of ch. 227. One of the provisions of ch. 227 is sec. 227.02, which, as stated above, commands that ch. 227 judicial reviews comply with procedures required by other statutes which do not conflict with ch. 227. We therefore find that ch. 227 contemplates the limited use of those civil procedure statutes which do not conflict with ch. 227.

Furthermore, the language of sec. 801.58(7), Stats., does not preclude its application to ch. 227 judicial reviews. Section 801.58(7) is found within the civil procedure statutes, chs. 801 to 847. The scope of the civil

procedure statutes is found within sec. 801.01(2), Stats., which provides:

**801.01  Kinds of proceedings; scope of chs. 801 to 847.**

. . .

**(2)  Scope.** Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule. Chapters 801 to 847 shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding.

We have previously stated that a ch. 227 judicial review is a "special proceeding." *Ashwaubenon v. Public Service Comm.,* 15 Wis. 2d 445, 448, 113 N.W.2d 412 (1962). As chs. 801 to 847 apply to special proceedings, sec. 801.58(7) necessarily applies to ch. 227 judicial reviews, unless foreclosed by different procedure prescribed by ch. 227. As stated above, we find no conflict between sec. 801.58(7) and ch. 227.

The city next argues that case law requires a finding that sec. 801.58(7), Stats., does not apply in ch. 227 judicial reviews. To support this argument, the city primarily relies upon *Wis. Environmental Decade v. Public Service Comm.,* 79 Wis. 2d 161, 255 N.W.2d 917 (1977) [hereinafter *W.E.D.].* In *W.E.D.,* the circuit court denied a motion for summary judgment under sec. 802.08, Stats., on the ground that it was not applicable to judicial review under ch. 227, and granted an opposing motion to dismiss upon the grounds of mootness. *W.E.D.,* 79 Wis. 2d at 168. We affirmed the circuit court's denial of the motion for summary judgment and appeared to give two reasons for our holding.

The first reason we gave for affirming the denial of summary judgment was that there was a conflict between sec. 802.08, Stats., and ch. 227.

> Under [sec. 802.08] the trial court's function is to determine whether there are any issues of fact to be tried . . .. However, judicial review of administrative decisions under ch. 227 envisages a review upon the record, and there is no trial de novo in the circuit court during such proceedings . . .. Only under limited circumstances, such as where the procedure before the agency is challenged as irregular, may the circuit court consider facts outside the record made before the agency.

*W.E.D.,* 79 Wis. 2d at 170 (citations omitted). Therefore, due to this conflict, we affirmed the circuit court's denial of summary judgment to the appellant on the ground that a sec. 802.08 motion for summary judgment accompanied by supporting affidavits is inapplicable to ch. 227 judicial reviews.

However, in *W.E.D.* we did not hold that all civil procedures are inapplicable in ch. 227 judicial reviews. We found that a motion to dismiss for mootness is available in ch. 227 judicial reviews. While doing so, we stated:

> The appellant . . . places great emphasis upon the fact a motion to dismiss for mootness, like a motion for summary judgment, generally raises matters outside the record. However, the matters raised by a motion to dismiss, unlike those raised by a motion for summary judgment, do not go to the merits of the case. Therefore, in a ch. 227 judicial review proceeding, a motion to dismiss upon the ground of mootness does not conflict with the general provision that the judicial review, which goes to the merits of the case, be confined to the record, while a motion for

summary judgment accompanied by supporting affi-
davits does so conflict.

*W.E.D.*, 79 Wis. 2d at 171–72. *W.E.D.* therefore stands
for the proposition that procedures available in civil
actions are available in ch. 227 judicial reviews as long as
there is no conflict between those procedures and ch.
227. When there is a conflict, the civil procedures must
give way to the dictates of ch. 227.

The second reason we gave in *W.E.D.* for affirming
the circuit court's denial of the sec. 802.08, Stats.,
motion for summary judgment has been the source of
some confusion in the case law. We stated:

> The inapplicability of summary judgment proce-
> dure to administrative review proceedings is further
> supported by the legislature's intent in creating ch.
> 227. Ch. 227 provides a comprehensive, fully defined,
> procedure for judicial review of administrative deci-
> sions. The legislature, recognizing the difference
> between these judicial review proceedings and civil
> actions, intended to provide in ch. 227 a single proce-
> dure to which the statutes relating to practice in civil
> actions are inapplicable. Hoyt, *The Wisconsin
> Administrative Procedure Act,* 1944 Wis. L. Rev.
> 214, 226–38.

*W.E.D.*, 79 Wis. 2d at 170. The above-quoted language
from *W.E.D.* has been interpreted in some cases as
requiring that all civil procedure statutes are inapplica-
ble in ch. 227 judicial reviews. *W.E.D.* was not meant to
be, and is not, that broad. In order to reduce the confu-
sion in the case law that the above-quoted language has
produced, we hereby withdraw that language.

The city attempts to place reliance on some court of
appeals decisions which had followed the above-with-
drawn language and found that various civil procedure

727

statutes do not apply to ch. 227 judicial reviews.[5] As will be discussed below, the city's reliance on those cases is misplaced.

In *Chicago & N.W. R.R. v. Labor & Ind. Rev. Comm.,* 91 Wis. 2d 462, 283 N.W.2d 603 (Ct. App. 1979) [hereinafter *C.N.W.I].* *aff'd on other grounds* 98 Wis. 2d 592, 297 N.W.2d 819 (1980) [hereinafter *C.N.W. II],* the court of appeals stated that sec. 806.07(1)(b), Stats. (relief from judgment due to newly discovered evidence), was not available in a ch. 227 judicial review, relying on *W.E.D. C.N.W. I,* 91 Wis. 2d at 475–76. We affirmed the court of appeals decision, but on the grounds that the evidence claimed to be newly discovered facts in that case were not truly "newly discovered." *C.N.W. II,* 98 Wis. 2d at 612. We therefore did not preclude the application of sec. 806.07(1)(b) to ch. 227 judicial reviews. We held that the court of appeals "did not err in denying the petitioner's motion for relief from judgment." Id.

In *C.N.W. II* we also declined to exercise our discretionary power of reversal under sec. 751.06, Stats., because sec. 751.06 is not applicable to a judicial review under ch. 227. *C.N.W. II,* 98 Wis. 2d at 612–13. The denial of sec. 751.06 relief was appropriate under *W.E.D.* because that relief, similar to a motion for summary judgment accompanied by supporting affidavits, would

[5]The city relies on the following court of appeals cases: *Charter Mfg. v. Milw. River Restoration,* 102 Wis. 2d 521, 307 N.W.2d 322 (Ct. App. 1981); *Omernick v. Department of Natural Resources,* 94 Wis. 2d 309, 287 N.W.2d 841 (Ct. App. 1979), *aff'd* 100 Wis. 2d 234, 301 N.W.2d 437, *cert. denied* 454 U.S. 883 (1981); *Chicago & N.W. R.R. v. Labor & Ind. Rev. Comm.,* 91 Wis. 2d 462, 283 N.W.2d 603 (Ct. App. 1979), *aff'd on other grounds* 98 Wis. 2d 592, 297 N.W.2d 819 (1980); and *Nelson v. DNR,* 88 Wis. 2d 1, 276 N.W.2d 302 (Ct. App. 1979), *aff'd per curiam on other grounds* 96 Wis. 2d 730, 292 N.W.2d 655 (1980).

go to the merits of the case. *C.N.W. I,* as affirmed by *C.N.W. II,* therefore does not preclude the application of sec. 801.58(7) to ch. 227 judicial reviews.

In *Nelson v. DNR,* 88 Wis. 2d 1, 276 N.W.2d 302 (Ct. App. 1979) [hereinafter *Nelson I], aff'd per curiam on other grounds* 96 Wis. 2d 730, 292 N.W.2d 655 (1980) [hereinafter *Nelson II],* the court of appeals stated that the filing and authentication requirements of sec. 801.02, Stats., were inapplicable to ch. 227 judicial reviews. *Nelson I,* 88 Wis. 2d at 4–5 n. 2. We affirmed the court of appeals in a *per curiam* opinion, but in that opinion we expressly disavowed the court of appeals' analysis of ch. 801 and ch. 227. *Nelson II,* 96 Wis. 2d at 732. *Nelson I* therefore does not stand for the proposition that civil procedure statutes are inapplicable to ch. 227 judicial reviews.

In *Omernick v. Department of Natural Resources,* 94 Wis. 2d 309, 287 N.W.2d 841 (Ct. App. 1979) [hereinafter *Omernick I], aff'd* 100 Wis. 2d 234, 301 N.W.2d 437 [hereinafter *Omernick II], cert. denied* 454 U.S. 883 (1981), the circuit court ruled that there was insufficient evidence to support the DNR's findings and remanded to the DNR for another hearing. The *Omernick I* court reversed the circuit court on the ground that there was substantial evidence in the record to support the DNR's decision. However, the *Omernick I* court then went on in dicta to state, agreeing with the respondents, that the circuit court had jurisdiction of the ch. 227 judicial review notwithstanding the respondents' failure to comply with the authentication requirements of sec. 801.02, Stats. The *Omernick I* court's reasoning was that "[c]hapter 801 is applicable to civil actions and not judicial review proceedings." *Omernick I,* 94 Wis. 2d at 313. As authority for that dicta, the *Omernick I* court relied on the dicta in *Nelson I,* which we later expressly dis-

avowed in *Nelson II,* and the language in *W.E.D.* which we withdraw today. *Id.*

In *Omernick II,* we affirmed *Omernick I* on the grounds that there was substantial evidence in the record to support the DNR's decision. We did not address the above-quoted *Omernick I* dicta in *Omernick II.* However, it should be noted that the authentication requirements of sec. 801.02(1) directly conflict with the procedure for instituting ch. 227 judicial review provided in sec. 227.53(1)(a), Stats. Therefore, the *Omernick I* dicta can be reconciled with our holding today and does not hold that all civil procedure statutes are inapplicable to ch. 227 judicial reviews.

The last court of appeals opinion that the city cites for the proposition that sec. 801.58(7) is inapplicable to a ch. 227 judicial review is *Charter Mfg. v. Milw. River Restoration,* 102 Wis. 2d 521, 307 N.W.2d 322 (Ct. App. 1981). In *Charter,* the court of appeals concluded that sec. 806.07(1)(g) and (h), Stats.,[6] did not permit a court to grant relief from a judgment entered in a ch. 227 judicial review of an administrative decision. *Charter,* 102 Wis. 2d at 525. The court of appeals remanded to the agency, directing that the record be made complete before the agency so that the plaintiff's claims could be properly addressed by the circuit court upon subsequent judicial review. *Id.* at 526–28. The *Charter* court's deci-

---

[6]Section 806.07(1)(g) and (h), Stats., provides as follows:

**806.07 Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . .

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

730

sion was proper because under the facts of that case, the record had not been fully developed before the agency. Granting sec. 806.07 relief and deciding that case on facts that had not been developed before the agency would have been in direct conflict with former sec. 227.20, Stats., now sec. 227.57, which limits review to the record.[7] The *Charter* decision is therefore easily reconciled with our holding today.

However, the *Charter* court also cited *Omernick I, C.N.W. I,* and *W.E.D.* for the proposition that the statutes relating to civil actions are inapplicable to judicial review under ch. 227. As stated above, *Omernick I* and *C.N.W. I* do not stand for that proposition, and *W.E.D.* was not meant to be that broad.

There are opinions since *W.E.D.* which have stated that various civil procedure statutes apply to ch. 227 judicial reviews as long as there is no conflict between the civil procedure statute and ch. 227.[8] Those opinions are correct interpretations of the law as it exists today.

We therefore direct Walworth County Circuit Judge James L. Carlson to refrain from taking further actions in the underlying ch. 227 judicial review and to process

---

[7]Section 227.57, Stats., provides in relevant part:

**227.57  Scope of review. (1)** The review shall be conducted by the court without a jury and shall be confined to the record . . ..

[8]Those cases include *Shopper Advertiser v. Department of Rev.,* 117 Wis. 2d 223, 231–33, 344 N.W.2d 115 (1984) (sec. 807.07(2), Stats., applies to ch. 227 judicial reviews); *Metro. Greyhound Mgt. Corp. v. Racing Bd.,* 157 Wis. 2d 678, 698–99, 460 N.W.2d 802 (Ct. App. 1990) (stating in dicta that sec. 806.07, Stats., applies to ch. 227 judicial reviews); and *Tatum v. LIRC,* 132 Wis. 2d 411, 423–25, 392 N.W.2d 840 (Ct. App. 1986) (sec. 814.025, Stats., applies to ch. 227 judicial reviews).

the request for substitution of judge which was filed pursuant to sec. 801.58(7), Stats.

*By the Court.*—Writ of prohibition granted.