Karen BAKER, d/b/a K&E Independent Living Center, Petitioner-Appellant,

v.

DEPARTMENT OF HEALTH SERVICES, Respondent-Respondent.

Court of Appeals

*No. 2011AP1529. Submitted on briefs March 15, 2012. —Decided May 16, 2012.*

2012 WI App 71

(Also reported in 816 N.W.2d 337.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Associates*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Robert M. Hunter*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.   The Department of Health Services (DHS) notified Karen Baker that her license to operate an assisted living center for adults was going to be revoked for code violations. Baker had ten days to file an appeal per DHS regulations. She missed the deadline and her appeal was dismissed. Baker argued that her appeal was timely, as WIS. STAT. § 801.15(1)(b) (2009–10)[1] provides that when a deadline is less than eleven days, weekends and holidays are excluded from the counting period. An administrative law judge (ALJ) rejected Baker's argument and ruled that § 801.15(1)(b) only applies to proceedings before a circuit court. The circuit court affirmed the ALJ's decision and we agree:   § 801.15(1)(b) is not applicable to an appeal before an administrative agency.

## BACKGROUND

¶ 2.   Baker was licensed to run an assisted living center for adults in Milwaukee called K&E Independent Living Center. On Friday, September 3, 2010, DHS sent Baker a letter informing her that her license was being revoked for code violations. The last page of the letter contained the "notice of right to appeal," which stated, "Your written request for a hearing must be filed so that it is *received* by the Department of Administration's Division of Hearings and Appeals . . . within ten (10) days after the date of this NOTICE and ORDER." The bottom of the appeal section stated, **"YOUR APPEAL MAY BE DENIED OR DISMISSED IF YOUR REQUEST IS INCOMPLETE OR NOT TIMELY FILED."**

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 3. Baker received her notice on Saturday, September 4. She mailed her request for hearing to the division of hearings and appeals on September 15 and it arrived September 16. On September 23, DHS filed a motion to dismiss Baker's appeal as untimely. An ALJ agreed and granted DHS's motion to dismiss. The ALJ based his decision on Wis. Stat. § 990.001(4)(a), which states that "[t]he time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last . . . ." For Baker's appeal to be timely, the ALJ stated that the division of hearings and appeals needed to receive it by September 13.

¶ 4. Baker argued that Wis. Stat. § 801.15(1)(b) governed her time to appeal. Section 801.15(1)(b) provides, in relevant part, that "[w]hen the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation." *Id.* Using the counting method of § 801.15(1)(b), the deadline for Baker's appeal would be September 20, as two Saturdays, three Sundays, and Labor Day would be excluded from the ten-day window. The ALJ pointed out that Wis. Stat. § 801.01(2) states that "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings . . . ." As Baker was filing an appeal in an administrative proceeding rather than before a circuit court, the ALJ ruled that § 801.15(1)(b) did not apply.

¶ 5. Baker filed a petition for review with the circuit court pursuant to Wis. Stat. §§ 227.52 and 227.53. The circuit court affirmed the ALJ and Baker appeals.

## STANDARD OF REVIEW

¶ 6. We review the decision of the ALJ, not the circuit court. *See Racine Harley-Davidson, Inc. v. State Div. of Hearings and Appeals*, 2006 WI 86, ¶ 8 n.4, 292 Wis. 2d 549, 717 N.W.2d 184. While the interpretation and application of a statute is a question of law, we may accord one of three levels of deference to an administrative agency's interpretation of a statute: great weight deference, due weight deference, or no deference. *See id.*, ¶¶ 16–19 (listing the different standards for each level of deference). As the issue of whether Wis. Stat. § 801.15(1)(b) applies to an appeal before an administrative agency is one of first impression, we give no deference to the ALJ's decision and apply de novo review.[2]

## DISCUSSION

¶ 7. The legislature has delegated to DHS the authority to issue and revoke licenses for people operating adult family homes. *See* Wis. Stat. § 50.02(2)(am)2.; *see also* Wis. Admin. Code § DHS 88.01(1) (2011). DHS regulations also allow any person whose license is being revoked to request a hearing. Wis. Admin. Code § DHS 88.03(7)(a). The request "shall be in writing, shall be filed with the department of administration's division of hearings and appeals and shall be sent to that office so that it is received there within 10 days after the date of notice." Sec. DHS 88.03(7)(b). Baker argues that the relevant statute for counting purposes is Wis. Stat.

---

[2] Our decision is not guided by the standard of review and would be the same regardless of whether we applied great weight or due weight deference.

§ 801.15(1)(b) rather than WIS. STAT. § 990.001(4)(a). We agree with the ALJ that § 801.15(1)(b) does not apply, as Baker's appeal to the division of hearings and appeals is governed by WIS. STAT. §§ 227.42 and 227.43, rather than chapters 801 to 847. Section 801.15(1)(b) expressly provides that it only applies to periods of time prescribed or allowed by chapters 801 to 847. Section 990.001(4)(a) is therefore the appropriate statute for counting purposes.

¶ 8. Baker argues that *Gangler v. Wisconsin Electric Power Co.*, 110 Wis. 2d 649, 329 N.W.2d 186 (1983), and *State ex rel. Town of Delavan v. Circuit Court for Walworth County*, 167 Wis. 2d 719, 482 N.W.2d 899 (1992), extend WIS. STAT. § 801.15(1)(b) to appeals before the division of hearings and appeals. Neither of those cases compels the result Baker seeks.

¶ 9. In *Gangler*, the power company commenced proceedings to condemn property owned by Robert and Doris Gangler. *Gangler*, 110 Wis. 2d at 651. WISCONSIN STAT. § 32.06(10) mandates that an appeal to the circuit court of a condemnation commission's award must be filed within sixty days. *See Gangler*, 110 Wis. 2d at 651–52. The issue of whether the appeal was timely depended upon whether WIS. STAT. § 990.001(4)(a), (b) or WIS. STAT. § 801.15(1) (1979–80) was applicable. *Gangler*, 110 Wis. 2d at 653.

¶ 10. If WIS. STAT. § 990.001(4)(a), (b) governed, the Ganglers' notice of appeal was not timely because the sixtieth day after the condemnation award fell on a Saturday, not a Sunday or legal holiday. *Gangler*, 110 Wis. 2d at 654. If WIS. STAT. § 801.15(1) (1979–80) governed, then the appeal was timely, as § 801.15(1) (1979–80) stated that the final day of an appeal deadline

cannot fall on a Saturday, Sunday, or legal holiday.[3] *Gangler*, 110 Wis. 2d at 654 & n.4. The power company argued that § 801.15(1) (1979–80) did not apply to an appeal from a condemnation commission's award under WIS. STAT. ch. 32. *See Gangler*, 110 Wis. 2d at 655. Our supreme court disagreed, as the appeal was to a circuit court—rather than an administrative agency—and therefore § 801.15(1) (1979–80) applied. *See Gangler*, 110 Wis. 2d 656. We hold that *Gangler* does not control the case before us, as *Gangler* involved an appeal to a circuit court while our case is an appeal to an administrative agency.

¶ 11.    The issue in *Town of Delavan* was whether the substitution of judge provision in WIS. STAT. § 801.58(7) applies to a WIS. STAT. ch. 227 judicial review. *Town of Delavan*, 167 Wis. 2d at 721. The supreme court held that it does, as "ch. 227 contemplates the limited use of those civil procedure statutes which do not conflict with ch. 227." *Town of Delavan*, 167 Wis. 2d at 724. As § 801.58(7) does not conflict with any provision in ch. 227, it applies to ch. 227 administrative reviews. *See Town of Delavan*, 167 Wis. 2d at 724.

¶ 12.    Using *Town of Delavan*, Baker argues that WIS. STAT. § 801.15(1)(b) applies to this case as it does not conflict with any provision in WIS. STAT. ch. 227. Baker has misinterpreted the holding of *Town of Delavan*. *Town of Delavan* applied a rule of civil procedure (the substitution of judge statute) to an appeal before a circuit court. Baker is asking this court to apply a rule of civil procedure to a proceeding before an administrative

---

[3] The current version of the statute provides that the final day of an appeal deadline cannot fall on "a day the clerk of courts office is closed." WIS. STAT. § 801.15(1)(b).

agency. Wisconsin Stat. § 50.02(2)(am)2. provides that the rules for appealing the revocation of an adult family home operating license are determined by DHS. Pursuant to this authority, DHS promulgated Wis. Admin. Code § DHS 88.03(7)(b), which states that an appeal from a license revocation must be received "within 10 days after the date of the notice." Section 801.15(1)(b) only applies to proceedings before a circuit court and thus has no application to an appeal before an administrative agency.

## CONCLUSION

¶ 13.  As the ALJ properly dismissed Baker's appeal as untimely, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.