STATE of Wisconsin PUBLIC INTERVENOR, Petitioner-Respondent,

v.

Wisconsin DEPARTMENT OF NATURAL RESOURCES and Wisconsin Department of Administration, Division of Hearings and Appeals, Respondents,

OCONTO COUNTY, Intervenor-Appellant,

TOWN OF ABRAMS, Intervenor-Respondent.

Wisconsin DEPARTMENT OF NATURAL RESOURCES, Respondent,

SIERRA CLUB, John Muir Chapter, Petitioner-Respondent,

v.

Wisconsin DEPARTMENT OF NATURAL RESOURCES, Respondent,

OCONTO COUNTY, Intervenor-Appellant,

TOWN OF ABRAMS, Intervenor-Respondent.

Court of Appeals

*No. 91–2273. Submitted briefs April 22, 1992.—Decided September 17, 1992.*

(Also reported in 490 N.W.2d 770.)

For the intervenor-appellant, Oconto County, the cause was submitted on the brief of *Robert J. Mraz*, Corporation Counsel, Oconto County.

For the petitioner-respondent, State of Wisconsin Public Intervenor, the cause was submitted on the brief of *Thomas J. Dawson* of *Department of Justice* of Madison joined by intervenor-respondent, Town of

Abrams, *Joseph C. McCormick,* and petitioner-respondent, Sierra Club, John Muir Chapter, *Lise L. Gammeltoft.*

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Intervenor-appellant Oconto County appeals from two judgments entered August 8, 1991, upon petitions for review under sec. 227.52, Stats. The first judgment reversed the April 24, 1989, decision of the Wisconsin Department of Natural Resources (DNR) approving the county's application to withdraw land from the county forest system for a proposed county landfill in the Town of Abrams. The second judgment reversed the December 29, 1987, feasibility determination of DNR in docket #IH-86-20. We conclude that when the circuit court was presented with additional evidence which met the requirements of sec. 227.56(1), Stats.,[1] the court could not receive such evidence and decide the petitions for review on the basis of such evidence but could only order that the additional evidence be taken before DNR upon such terms as the circuit court deemed proper.

We therefore conclude that the circuit court erred when it received such evidence and decided the petitions for review on the basis of such evidence. We reverse the

---

[1] Section 227.56(1), Stats., provides:

> If before the date set for trial, application is made to the circuit court for leave to present additional evidence on the issues in the case, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency upon such terms as the court may deem proper. The agency may modify its findings and decision by reason of the additional evidence and shall file with the reviewing court the additional evidence together with any modified or new findings or decision.

judgments and remand these matters to the circuit court with directions that it exercise its discretion under sec. 227.56(1), Stats.

## 1. Background

In 1984 Oconto County applied to the DNR for permission to develop a landfill site. For the purposes of this appeal, the applications were to withdraw certain lands from the County Forest Program, which program is regulated by sec. 28.11, Stats., and to have the withdrawn land approved under ch. 144, Stats., as a dump for municipal solid waste generated in the county.

Six different lawsuits resulted. To describe each would serve no purpose, because they were consolidated. The DNR ultimately approved the application for the landfill and the application to withdraw the landfill site lands from the County Forest Program, because, among other reasons, Oconto County had a need for a landfill, and because the public benefit in withdrawing the landfill site from the County Forest Program outweighed the benefit of leaving the land in the program. The consolidated cases eventually came to the trial court for ch. 227, Stats., review of DNR's decision to approve Oconto County's two applications.

Before the trial court reached the merits, the public intervenor requested the court to take judicial notice of the fact that Oconto County had no further present need for the landfill. The public intervenor introduced evidence that after DNR had approved its applications, Oconto County purchased a one-half interest in a Marinette County municipal landfill. Evidence was introduced that the new landfill appears to be sufficient for twelve to eighteen years' worth of Oconto County's municipal solid waste.

Faced with this evidence, the trial court declined to reach the merits. Rather, the court took judicial notice of the new landfill and determined as a matter of law that Oconto County had no further "need" for a landfill and the land should not be removed from the County Forest Program. During the oral proceedings, the court said "it would serve [no] purpose" to remand the matter to DNR for further proceedings because "the factual basis for [DNR's decision] no longer exists, and it is not likely to for some time."

The DNR has advised this court that it has filed no appellate brief because the case is moot. The public intervenor and Oconto County wish to pursue this matter further.

Quoting sec. 227.57(6), Stats.,[2] and sec. 227.56(1), Stats., Oconto County argues that the trial court must remand to DNR for an evidentiary hearing on whether any need exists. In the county's view, the trial court improperly made the findings it did without a remand.

The public intervenor argues that the result is proper. First, the intervenor argues that sec. 227.56(1),

---

[2]Section 227.57, Stats., reads in relevant portion:

(1) The review shall be conducted by the court without a jury and *shall be confined to the record . . ..*

. . ..

(6) If the agency's action depends on any fact found by the agency in a contested case proceeding, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. The court shall, however, set aside agency action or remand the case to the agency if it finds that the agency's action depends on any finding of fact that is not supported by substantial evidence in the record.

. . ..

(10) *Upon such review due weight shall be accorded the experience, technical competence, and specialized knowledge of the agency involved, as well as discretionary authority conferred upon it.* (Emphasis added.)

Stats., is permissive, not mandatory. Stated otherwise, the public intervenor argues that sec. 227.56(1) only states that the court "may" order further fact-finding at the administrative level, not that it must. The public intervenor therefore argues that the statute gives the court the option of making factual findings itself. The public intervenor also argues that the court could properly judicially notice new facts, and that precedent allows the court to notice matters which arose after the record before the DNR was closed. We consider each argument in turn.

### 2. Analysis

We agree with Oconto County that the matter must be remanded to the DNR to determine whether Oconto County no longer has a need for the approved landfill. Because we reverse the trial court's decision with directions to remand to the agency, we do not reach the merits of the trial court's determination.

██ Section 144.44(2), Stats., requires the DNR to make a preliminary finding of need before a landfill can be approved. Oconto County's need has arguably changed since DNR made its determination, but determination of need under the new circumstances is for DNR to make. Chapter 227, Stats., confirms this basic procedure.

As shown by the portions of that chapter set out in the footnotes, review of DNR determinations is limited to the record, and the court is specifically enjoined to respect the agency's determination. If new facts are sought to be brought before the trial court that were not before the agency, sec. 227.56(1), Stats., controls. That statute contemplates that the court shall remand the matter to the agency for further fact-finding. Although

the statute contains the permissive "may," the operative language in context shows that what is permissive with the court is the question whether to allow the agency to take additional evidence in the first instance.

Specifically, the statute sets forth that if "good reasons [exist] for failure to present [the new evidence] in the proceedings before the agency, the court *may* order that the additional evidence be taken before the agency upon such terms as the court may deem proper." *Id.* (emphasis added). In this context, "may" does not allow the court to find facts itself, but only allows the court to remand to the agency if the movant convinces the court that there is a good reason the facts were not developed previously.

█

We conclude that the trial court may receive evidence to determine whether to remand the case to the agency, but may not receive evidence to decide the case. Thus, whether the trial court receives evidence by judicial notice or by other means, it must use that evidence only to decide whether it will remand the case to the agency.

We also reject the intervenor's argument that precedent supports the trial court's action. The cases cited by the public intervenor are inapposite. In *Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n,* 79 Wis. 2d 161, 170, 255 N.W.2d 917, 923 (1977) *(WED I),* the supreme court held that in limited circumstances a court may consider facts outside the record. The intervenor cites *WED I* as authority for a more sweeping search of non-record facts than the supreme court had in mind. The example the court gives of such a limited circumstance where resort to non-record facts is permissible is when an irregularity of procedure had occurred. *Id.* This, however, is one of the statutory circumstances set forth

in sec. 227.57(1), Stats., as specifically allowing review of matters beyond the record. *WED I* cannot be read as a broad invitation to courts to look beyond the record. *WED I* is an explication of the statute, which permits recourse to non-record facts under certain enumerated and limited circumstances which do not apply here.

Similarly, in *Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n,* 79 Wis. 2d 409, 436, 256 N.W.2d 149, 163 (1977) *(WED II),* the supreme court took notice of "several significant developments." The public intervenor has again attempted to read too much into this isolated statement. The court was careful to note that review was undertaken "on the basis of conditions as they were" when the contested agency decision was reached, *id.,* and that the new regulations were not before the court. *Id.* at 438, 256 N.W.2d at 164. Like *WED I, WED II* cannot be read as broadly as the intervenor desires. The intervenor also cites other cases involving Wisconsin's Environmental Decade, but like *WED I* and *WED II,* none support the broad readings urged by the intervenor.

We conclude that the trial court improperly made a determination of "need." DNR, not the court, must make the determination of need. The court's role is restricted to a review of the record, and if the court wishes to consider new facts, it should do so by following sec. 227.56(1), Stats., and remanding for further fact-finding before the agency.

*By the Court.*—Judgments and order reversed and cause remanded with directions.