William A. WAGNER, M.D., Petitioner-Respondent,†

v.

STATE of Wisconsin MEDICAL EXAMINING BOARD, Respondent-Appellant.

Court of Appeals

*No. 90-1932. Submitted on briefs July 14, 1992.—Decided December 23, 1992.*

(Also reported in — N.W.2d —.)

For the respondent-appellant the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *William H. Wilker,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the briefs of *Steven C. Zach* of *Boardman, Suhr, Curry and Field* of Madison.

†Petition to review granted.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. The State of Wisconsin Medical Examining Board appeals from a final judgment entered May 30, 1990, granting a default judgment against the board. The judgment remanded the case to the board with directions to reinstate Dr. William Wagner's license to practice medicine, restricted to pro bono work one day a week at a drug rehabilitation facility in Fond du Lac.[1] The board presents the following issue:

> May the reviewing circuit court, in a chapter 227 judicial review proceeding, grant default judgment for failure of the administrative agency to timely serve and file its response to the petition review and timely transmit to the reviewing court the administrative record to be reviewed?

We conclude that there is no provision in ch. 227, Stats., which empowered the circuit court to grant default judgment against the board. We further conclude that the grant of a default judgment against the board would conflict with sec. 227.57(2), Stats. We therefore reverse the judgment and remand the case to the circuit court with directions to consider Wagner's petition for review of the decision of the board on its merits.

---

[1] On April 23, 1990, the trial court entered a memorandum decision containing a "Conclusion and Order." On our own motion, we raised the issue whether the board's appeal was timely because it was taken from the judgment and not the order in the memorandum decision. After considering memoranda submitted by the parties, on February 11, 1992, we entered an order finding that the trial court's order in its memorandum decision was not final, because the circuit court lacked the power to reinstate Dr. Wagner's license. We therefore concluded that we have jurisdiction of this appeal from the judgment.

On April 22, 1988, the board denied Wagner's petition for reinstatement of his medical license. On June 3, 1988, Wagner petitioned for judicial review of the board's order. The board did not file a notice of appearance and statement of position until February 6, 1990. On April 23, 1990, the court entered its memorandum decision granting Wagner's motion for default judgment because the board failed to comply with secs. 227.53(2) and 227.55, Stats. On May 30, 1990, the circuit court entered its judgment remanding the case to the board with directions to reinstate Wagner to practice medicine to do pro bono work one day a week at a drug rehabilitation facility in Fond du Lac.

It is undisputed that the board failed to timely comply with secs. 227.53(2) and 227.55, Stats. Section 227.53(2) required the board to serve Wagner with a notice of appearance stating the board's position with respect to the petition within twenty days after service of the petition for review. Section 227.55 required the board to transmit to the circuit court the original certified copy of the entire record of the proceedings in which the decision under review was made, within thirty days after service of the petition for review. The board contends, and we agree, that despite its failure to timely comply with secs. 227.53(2) and 227.55, chapter 227 does not permit the reviewing court to enter a default judgment against the board.

In *State ex rel. Delavan v. Circuit Court for Walworth County*, 167 Wis. 2d 719, 723, 482 N.W.2d 899, 901 (1992), the court stated:

> As commanded by the express language of sec. 227.02, ch. 227 judicial reviews must comply with the procedure required by other statutes. However, we read into sec. 227.02 on implicit prerequisite that

*that section only requires compliance with those pro-*
*cedures required by other statutes which do not con-*
*flict with ch. 227.* [Emphasis added.]

Section 227.02, Stats., provides: "Compliance with this chapter does not eliminate the necessity of complying with a procedure required by another statute." We conclude that the grant of a default judgment would conflict with sec. 227.57(2), Stats., which provides: "Unless the court finds a ground for setting aside, modifying, remanding or ordering agency action or ancillary relief under a specified provision of this section, it shall affirm the agency's action." Failure of the board to comply with secs. 227.53(2) and 227.55, Stats., does not provide a ground for setting aside, modifying, remanding or ordering agency action or ancillary relief "under a specified provision of this section."

The trial court performed a "may-shall" analysis of secs. 227.53(2) and 227.55, Stats., and concluded that an agency whose decision is subject to review under chapter 227 should be held to the same standard as a party who seeks to review a decision of the agency under chapter 227. The court concluded, therefore, that the word "shall" as used in the statutes should be construed as mandatory.

We agree that the word "shall" in secs. 227.53(2) and 227.55, Stats., is to be construed as mandatory. However, we find no provision in chapter 227 which empowers the circuit court to grant default judgment against an agency which fails to timely file a notice of appearance or fails to timely file an original certified copy of the record of the proceedings before it.

*By the Court.*—Judgment reversed and cause remanded with directions.