William A. WAGNER, M.D., Petitioner-Respondent-
Petitioner,

v.

STATE of Wisconsin MEDICAL EXAMINING BOARD,
Respondent-Appellant.

Supreme Court

*No. 90–1932. Oral argument November 1, 1993.—Decided
February 23, 1994.*

(Also reported in 511 N.W.2d 874.)

For the petitioner-respondent-petitioner there were briefs by *Steven C. Zach, Michael P. May* and *Boardman, Suhr, Curry & Field,* Madison and oral argument by *Michael P. May.*

For the respondent-appellant the cause was argued by *William H. Wilker,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

JANINE P. GESKE, J.   This is a review of a published decision of the court of appeals, *Wagner v. State Medical Examining Board,* 173 Wis. 2d 422, 496 N.W.2d 213 (Ct. App. 1992), which held that the default judgment procedure in sec. 806.02, Stats., could not be used in a ch. 227, Stats., review proceeding. The holding of the court of appeals reversed the decision of the Dane County circuit court, Moria Krueger, Circuit Judge. The circuit court granted William A. Wagner, M.D. (Wagner) a default judgment for the failure of the Wisconsin Medical Examining Board (Board) to comply with the procedural requirements of secs. 227.53(2) and 227.55, Stats.

The issue before this court is whether a circuit court in a ch. 227 review proceeding may grant a default judgment for the failure of an administrative agency to timely transmit the administrative record and serve and file its response. Because we believe that ch. 227 does not encompass the remedy of a default judgment, we affirm the decision of the court of appeals and remand the case to the circuit court for consideration of Wagner's petition for review of the Board's decision on its merits. We also conclude that the time provisions in secs. 227.53(2) and 227.55, Stats., are mandatory. Such a conclusion does not conflict with our holding that default judgment is not applicable in a ch. 227 proceeding, since other remedies were available to the circuit court in order to enforce the Board's compliance with the statute.

The facts of this case are as follows. In 1984, Wagner decided to retire due to poor health. However, he returned to practice on a part-time basis in order to facilitate a smooth transfer of his practice. During the course of this transition, Wagner neglected to reapply for active status, as well as to pay an assessment into

the Wisconsin Patients Compensation Fund. In 1986, the Board initiated a disciplinary proceeding against Wagner on these issues. At the hearing, Wagner agreed to voluntarily surrender his license.[1] The Board then ordered that any future reinstatement of a limited license to Wagner would be conditioned upon the fact that Wagner had taken and passed all medical board exams.

Subsequent to the Board's action, Wagner was contacted by the Avenue Counseling Center in Fond du Lac, Wisconsin, and the Health Department of Manatee County, Florida. Both requested that Wagner provide medical care on a part-time, voluntary basis. Wagner then applied to the Board for a waiver of the conditions imposed at the prior disciplinary hearing, i.e., that he retake the medical board exams prior to any relicensure. After the Board refused this request, a hearing was set for September, 1987. In March, 1988, the hearing examiner recommended that the Board reinstate Wagner's medical license for the limited purpose of volunteering at the Fond du Lac clinic, without requiring him to retake the medical exams. The Board refused this recommendation and, in a final order issued in April, 1988, it denied Wagner's request for relicensure for limited pro bono work.

In June of 1988, Wagner filed a petition for review of the Board's order. In November, 1989, Wagner moved for default judgment, citing the Board's failure, as respondent in the action, to timely file and serve its

---

[1] There exists some conflict regarding the motivations underlying the stipulation between the Board and Wagner. According to Wagner, poor health prompted the surrender of his license. However, the Board contends that the stipulation was prompted by its concern with Wagner's ability to meet the minimum standards of the medical profession.

notice of appearance, as well as the failure to file the original or a certified copy of the administrative record.[2] In December of 1989, the Board filed the record. Finally, in May, 1990, the circuit court granted the default judgment. The court held that the time requirements established in secs. 227.53(2) and 227.55, Stats., were mandatory. The court found that the failure of the Board to respond within the prescribed time limits created a patently unfair situation for Wagner and harmed his ability to practice medicine, thereby depriving prospective patients of the right to receive his care.

Additionally, the circuit court found that it maintained the inherent power to grant a default judgment when the Board failed to comply with the time provisions in secs. 227.53(2) and 227.55. The court concluded that default judgment was a remedy which did not conflict with ch. 227. Rather, such a remedy was necessary in order to maintain the integrity of the chapter's provisions. The circuit court then remanded the case to the Board, instructing it to grant Wagner a medical license for the purpose of engaging in limited pro bono work.

On appeal,[3] the Board argued that (1) the time provisions in secs. 227.53(2) and 227.55 are directory,

---

[2] The Board maintains that its untimely compliance with secs. 227.53(2) and 227.55, Stats., was due to an internal administrative lapse. However, it must also be noted that Wagner did not seek a response from the Board from the time of the filing of his petition for review until the motion for default judgment. The Board did not file its notice of appearance and statement of position until February, 1990.

[3] The court of appeals, on its own motion, raised the issue as to whether the Board's appeal from the circuit court decision was timely, since it was taken from the judgment and not the

not mandatory, and (2) the circuit court has no power to enforce these time provisions by means of default judgment, because such a remedy is in conflict with the court's scope of review under sec. 227.57(2), Stats.

In its decision, the court of appeals held that the time provisions of secs. 227.53(2) and 227.55 were in fact mandatory. However, the court also held that the circuit court did not have the power to enforce the time provisions by means of granting a default judgment. Stating that a default judgment procedure was in conflict with sec. 227.57(2), the court remanded the case to the circuit court for further proceedings on the merits of the case.

Wagner argues that default judgment under sec. 806.02, Stats., is a remedy which may be utilized in a ch. 227 review proceeding. Wagner also argues that the circuit court acted within its discretion when it granted a default judgment for the Board's failure to comply with the procedural requirements of secs. 227.53(2) and 227.55, Stats. We disagree with both of these arguments and conclude that (1) a ch. 227 review proceeding does not encompass a default judgment procedure and (2) a circuit court's discretion for judicial review in a ch. 227 review proceeding is limited to the parameters outlined in sec. 227.57, Stats. Both the circuit court and the court of appeals were correct in concluding that the time provisions in secs. 227.53(2) and 227.55 are mandatory.

---

order in the memorandum decision. On February 11, 1992, the court of appeals concluded that it had jurisdiction of the appeal from the judgment of the circuit court. In an order entered on the same day, the court stated that the circuit court's order in its memorandum decision was not final, because the circuit court lacked the power to reinstate Wagner's license.

The applicability of the rules of civil procedure to a ch. 227 administrative review proceeding is a question of law, which is answered without deference to the decisions of the lower courts. *Pulsfus Farms v. Town of Leeds,* 149 Wis. 2d 797, 803–04, 440 N.W.2d 329 (1989).

■

In 1977, this court considered the issue of whether a rule of civil procedure was applicable in a ch. 227 administrative review proceeding. In *Wis. Environmental Decade v. Public Service Comm.,* 79 Wis. 2d 161, 169, 255 N.W.2d 917 (1977), the court held that the summary judgment procedure under sec. 802.08, Stats., was not compatible with a ch. 227 proceeding because "judicial review of administrative decisions under ch. 227 envisages a review upon the record, and there is no trial de novo in the circuit court during such proceedings." *Id.* at 170; sec. 227.20(1), Stats. The circuit court's function on summary judgment is to decide, as a matter of law, whether there are any issues of material fact to be tried. That function is in conflict with the court's role in a ch. 227 proceeding: to *review* findings of fact already established during the initial administrative agency proceedings. This court has since concluded that when a conflict occurs between the rules of civil procedure and ch. 227, the dictates of ch. 227 must prevail. *State v. Walworth County Circuit Court,* 167 Wis. 2d 719, 727, 482 N.W.2d 899 (1992).

To resolve potential conflicts, we look to the language of ch. 227 and the legislative intent underlying its design. Section 227.02, Stats., provides:

**227.02    Compliance   with   other   statutes.**   Compliance with this chapter does not

> eliminate the necessity of complying with a procedure required by another statute.

Such compliance, however, must be subsequent to the "implicit prerequisite that that section only requires compliance with those procedures required by other statutes which do not conflict with ch. 227." *Walworth County,* 167 Wis. 2d at 723. This statement is in harmony with the legislative intent to establish a uniform procedure for judicial review in contested cases. Ralph M. Hoyt, *The Wisconsin Administrative Procedure Act,* 1944 Wis. L. Rev. 214 [hereinafter *Administrative Procedure].*[4]

Additional language in ch. 227 underscores the legislative intent to maintain a single, uniform system of review in most cases. Section 227.52, Stats., provides in relevant part:

---

[4] Hoyt noted that:

> The Wisconsin Administrative Procedure Act of 1943 represent[ed] almost the first attempt by any state legislature to codify in a single chapter of the statutes, and make applicable to virtually all state-wide administrative agencies, the procedure to be followed by administrative agencies with reference to their rules and regulations and their conduct of contested cases, and to the method of judicially reviewing their determinations.

*Id.* at 214 (footnote omitted). Prior to 1943, at least seventy-four statutes established methods for judicial review of administrative agency actions in contested cases. *Id.* at 226–27. The Wisconsin Administrative Procedure Act was designed to establish a more simple and uniform system of judicial review "with full definition of the procedure to be followed and specification of the grounds on which the [circuit] court may set aside the administrative determination." *Id.* at 229. One product of this legislation was the establishment of a subsection defining the scope of judicial review. In the present form of ch. 227, the scope of judicial review is defined in sec. 227.57.

**227.52 Judicial review; decisions reviewable.** Administrative decisions which adversely affect the substantial interests of any person . . . are subject to review *as provided in this chapter* . . ..

(Emphasis added.) Section 227.53, Stats., provides in relevant part:

**227.53 Parties and proceedings for review. (1)** Except as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review thereof *as provided in this chapter.*

(Emphasis added.) Therefore, as this court concluded in *Walworth County,* and we now affirm here, ch. 227 "contemplates the *limited* use of those civil procedure statutes which do not conflict with ch. 227." *Walworth County,* 167 Wis. 2d at 724 (emphasis added).[5]

---

[5] Since this court's decision in *Wis. Environmental Decade* in 1977, Wisconsin courts have issued a number of opinions holding that various civil procedure statutes may apply to ch. 227 judicial reviews if there is no conflict between the specific procedure and ch. 227. Those cases include: *Cruz v. ILHR Department,* 81 Wis. 2d 442, 260 N.W.2d 692 (1978) (sec. 807.07 (1) (then sec. 269.51), Stats., allowing for the correction of minor irregularities on appeal, does not conflict with a circuit court's reviewing function in a ch. 227 proceeding); *Shopper Advertiser v. Department of Rev.,* 117 Wis. 2d 223, 344 N.W.2d 115 (1984) (the transfer of judicial review from one circuit to another under sec. 807.07(2) is not in conflict with ch. 227); *Tatum v. LIRC,* 132 Wis. 2d 411, 392 N.W.2d 840 (Ct. App. 1986) (sec. 814.025 frivolous costs may be awarded in a ch. 227 proceeding); *Metro. Greyhound Mgt. Corp. v. Racing Bd.,* 157 Wis. 2d 678, 460 N.W.2d 802 (Ct. App. 1990) (circuit courts may grant relief pending appeal, under secs. 808.07(2) and 808.075(1), without conflicting with ch. 227 scope of judicial review).

Default judgment under sec. 806.02, Stats., however, is in conflict with the scope of review in a ch. 227 proceeding. The circuit court must conduct an independent review of the record, pursuant to sec. 227.57(2), Stats. This review must occur even if the Board has failed to submit a notice of appearance stating its position on review. Section 227.53(2), Stats. Section 227.57(2) specifically sets forth the parameters of judicial review:

> Unless the court finds a ground for setting aside, modifying, remanding or ordering agency action or ancillary relief under a specified provision of this section, it shall affirm the agency's action.

Neither the language of this subsection nor the legislative intent underlying ch. 227 contemplates outright dismissal of the action without a review of the merits of the underlying decision.

We agree with the circuit and appeals courts' findings that the time provisions in secs. 227.53(2) and 227.55, Stats., are mandatory and not directory. Section 227.53(2) provides in relevant part:

> Every person served with the petition for review as provided in this section and who desires to participate in the proceedings for review thereby instituted *shall* serve upon the petitioner, within 20 days after service of the petition upon such person, a notice of appearance clearly stating the person's position with reference to each material allegation in the petition and to the affirmance, vacation or modification of the order or decision under review.
> . . .

(Emphasis added.) Section 227.55 provides in relevant part:

Within 30 days after service of the petition for review upon the agency, or within such further time as the court may allow, the agency *shall* transmit to the reviewing court the original or a certified copy of the entire record of the proceedings in which the decision under review was made, including all pleadings, notices, testimony, exhibits, findings, decisions, orders, and exceptions therein . . ..

(Emphasis added.) In determining whether a statutory provision is directory or mandatory, " 'the prime object is to ascertain the legislative intent.' " *State v. R.R.E.,* 162 Wis. 2d 698, 707, 470 N.W.2d 283 (1991) (quoting *Worachek v. Stephenson Town School Dist.,* 270 Wis. 116, 120, 70 N.W.2d 657 (1955)). The general rule has been that the word "shall" is presumed to be mandatory when it appears in a statute. *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565, 570, 263 N.W.2d 214 (1978) (citing *Scanlon v. Menasha,* 16 Wis. 2d 437, 443, 114 N.W.2d 791 (1962)). However, this court has held on more than one occasion that statutory time limits may be directory, despite the use of the word "shall." *R.R.E.,* 162 Wis. 2d at 707 (citing *Eby v. Kozarek,* 153 Wis. 2d 75, 79–80, 450 N.W.2d 249 (1990)). Key to the resolution of such a conflict is the legislative intent, reflected in the following factors: the objective of the statute, the history of the statute, consequences of alternative interpretations, and penalties for violation of the statute. *Id.* at 708. Applied to the instant case, we conclude that the time provisions in secs. 227.53(2) and 227.55, Stats., are mandatory, reflecting the legislative intent to establish (a) a uniform method of promulgating, publishing, and judicially reviewing rules and regulations; (b) a uniform procedure for the issuance and judicial review of declaratory rulings; and (c) a uniform procedure for

judicial review in contested cases. *Administrative Procedure,* 1944 Wis. L. Rev. at 214. The underlying goals of ch. 227 would not be met if both parties were not required to comply with the mandatory time provisions.

Wagner argues that such a conclusion would be in conflict with our holding that default judgment is not a remedy in a ch. 227 proceeding, since we would remove from the circuit courts an enforcement vehicle to force timely compliance. We disagree. Rather, we affirm the holding of the court of appeals that the Board's failure to both timely file its notice of appearance and submit an original or certified copy of the record does not empower the circuit court to grant a default judgment to Wagner. The circuit court had within its discretion other remedies compatible with the ch. 227 scope of judicial review. For example, the circuit court, upon motion or petition, could have (a) issued a writ of mandamus, ordering compliance by the Board; (b) issued an order to show cause as to why the Board should not be held in contempt for noncompliance; (c) ordered production of the record; or (d) refused to consider the Board's statement of position because it failed to timely file its notice of appearance. All the aforementioned remedies would have been consistent with the purpose of sec. 227.57, Stats., which requires a circuit court's independent review of the record.

As a result of our holdings, we remand this case to the circuit court for its review of the record and consideration of Wagner's petition for review of the Board's decision on its merits.

*By the Court.*—The decision of the court of appeals is affirmed and the cause remanded to the circuit court with directions.